# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIPSY NAIL CLUB LLC, SALON PHOENIX COSMETOLOGY, LLC, RAPHA MASSAGE, LLC, ENLIGHTEN MASSAGE THERAPY LLC, THE FACIAL BAR, LLC, SALON GOLDYN, INC, and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated, | No. 21 Civ. 8662 (AT) (SN) |
| Plaintiffs, | |
| v. | |
| CLASSPASS INC., CLASSPASS, LLC, FRITZ LANMAN, and PAYAL KADAKIA, | |
| Defendants. | |

### SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement and Release of Claims (the "Settlement Agreement") is made and entered into this 6th day of January, 2023 (the "Execution Date"), by and between Defendants ClassPass Inc., ClassPass, LLC, Fritz Lanman, and Payal Kadakia (collectively, "Defendants") and Plaintiffs Tipsy Nail Club LLC, Salon Phoenix Cosmetology, LLC, Rapha Massage LLC, Enlighten Massage Therapy LLC, The Facial Bar, LLC, Salon Goldyn, Inc, and Salon Hairroin, Inc. ("Named Plaintiffs" or "Plaintiffs") (with Defendants, "Parties"), individually and on behalf of the Settlement Class (defined below), subject to and conditioned upon Court approval of the terms and conditions herein.

### RECITALS

WHEREAS, Plaintiffs allege that Defendants violated Section 43 of the Lanham Act and various states' common law and competition and consumer protection statutes by listing

businesses on the ClassPass platform through ClassPass Concierge without first obtaining their consent;

WHEREAS, Defendants filed a motion to dismiss all claims alleged in Plaintiffs' First Amended Complaint on the basis that they do not state a claim for relief, and that motion to dismiss is pending as of the time of the Parties' settlement;

WHEREAS, arm's-length settlement negotiations, mediated by a retired federal magistrate judge over the course of nearly three months, have taken place between Plaintiffs and Defendants, and this Settlement Agreement has been reached as a result of those negotiations;

WHEREAS, Plaintiffs have conducted an investigation into the facts and the law regarding the claims asserted in the United States District Court for the Southern District of New York, No. 1:21-cv-08662-AT (the "Action"), including having (1) drafted the Complaint and First Amended Complaint, (2) briefed the opposition to Defendants' motion to dismiss, (3) analyzed documents produced by Defendants in discovery and informally in connection with the Parties' mediation, (4) mediated this dispute over two full days with Hon. Suzanne H. Segal (Ret.), spanning three months, which also included meetings, conferences, and letter exchanges, and have concluded that a settlement with Defendants according to the terms set forth below is fair, reasonable, adequate, and in the best interest of Plaintiffs and the Settlement Class Members, as defined in Paragraph 26;

WHEREAS, Defendants have expressly denied and continue to deny all claims, contentions, and charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, and/or omissions alleged, or that could have been alleged in the Action. Notwithstanding their view that Plaintiffs' claims are meritless and their continued denial of all allegations of wrongdoing with respect to all claims, Defendants have decided to enter into this

Settlement Agreement on the terms set forth herein in order to avoid further expense, inconvenience, and burden from protracted litigation; and

**NOW, THEREFORE**, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, it is agreed by and between Plaintiffs and Defendants that the Action be settled, compromised, and dismissed with prejudice, without costs or expenses to Plaintiffs, the Settlement Class, or Defendants except as provided for herein, subject to the approval of the Court, on the following terms and conditions:

A.      <u>**Definitions**</u>

The following terms, as used in this Settlement Agreement, have the following meanings:

1.      "Attorneys' Fees and Cost Award" means the amount authorized by the Court to be paid to Class Counsel for the services they have rendered and costs and expenses they have incurred in prosecuting the Action.

2.      "Claim Form" means the document to be made available online at the Settlement Website, substantially in the form of Exhibit A. Settlement Class Members seeking payment pursuant to this Settlement Agreement will submit the completed Claim Form either electronically or by mail.

3.      "Claims Period" means the period beginning when the Notice is mailed to Class Members and ending on the date forty-five (45) calendar days after the Short Form Notice is initially mailed to Class Members by the Settlement Administrator and is synonymous with Opt-Out/Objection Deadline Date.

4.      "Class Counsel" or "Co-Lead Counsel" means the following law firms:

> Pollock Cohen LLP
> 111 Broadway, Suite 1804
> New York, NY 10006
>
> Boni, Zack & Snyder LLC
> 15 St. Asaphs Road

Bala Cynwyd, PA 19004

Class Counsel represents that no other counsel has been involved in or has any claim for fees or costs associated with this Action, or has represented Plaintiffs in connection with this Action or any other contemplated action against Defendants concerning the subject matter of this Action.

5.      "ClassPass" means ClassPass Inc. and ClassPass, LLC.

6.      "ClassPass Concierge" refers to a program through which ClassPass includes on its platform listings for certain businesses that are not ClassPass Partners and provides ClassPass Members the ability to request appointments at those businesses through the ClassPass platform.

7.      "ClassPass Partner" means a business that has entered into an agreement to be listed as a Partner on the ClassPass platform.

8.      "ClassPass Member" means an individual or entity that pays a membership fee to ClassPass and in exchange receives credits for use when booking services, classes, and appointments through ClassPass.

9.      "Class Notice" means the process of providing notice of this Settlement to the Settlement Class.

10.     "Court" means the United States District Court for the Southern District of New York.

11.     "Effective Date" means 15 days after the latter of: (i) the expiration of the time to appeal the Final Approval Order and Judgment with no appeal having been filed; or (ii) if an appeal or request for review is taken (including but not limited to a request for reconsideration or rehearing, or a petition for a writ of certiorari), (a) the dismissal, abandonment or settlement of the appeal with no modification to the Final Approval Order and Judgment, or (b) the date upon which the Final Approval Order and Judgment has been affirmed (or review has been denied) by the court

of last resort to which an appeal or request for review has been taken and such decision is no longer subject to further appeal or review.

12.     "Final Approval Order and Judgment" means the Court's order granting final approval of the proposed Class settlement and judgment thereon, which will be in substantially the same form as Exhibit B.

13.     "Final Approval Hearing" means the date on which the Court will hold a hearing to evaluate the Settlement and whether to grant the Final Approval Order and Judgment.

14.     "Long Form Class Notice" means the Notice of Class Action Settlement which describes the terms of the Settlement, procedure and time period to Opt-Out of or object to the Settlement, and the date set for the Final Approval Hearing substantially in the form attached hereto as Exhibit C.

15.     "Opt-Out/Objection Deadline Date" means the deadline date forty-five (45) calendar days after the date the Short Form Notice is initially mailed to the Class Members by which Class Members must postmark an opt-out or objection to be considered timely.

16.     "Opt-Out" means a timely letter submitted by a Class Member indicating a request to be excluded from the Settlement as detailed in Paragraph 52 of this Settlement Agreement.

17.     "Preliminary Approval Date" means the date on which the Court grants preliminary approval to the Settlement.

18.     "Qualified Settlement Fund", "QSF" or "Settlement Fund" means an account established in accordance and compliance with Section 1.468B-1(a) of the United States Treasury Regulations to be set up by the Settlement Administrator for the benefit of the Settlement Class, and into which the Settlement Amount is to be deposited, and from which all payments required under this Agreement shall be made in a manner consistent with the terms of this Agreement, except the Notice costs, which shall be deducted from the Settlement Amount but paid directly to

the Settlement Administrator. All costs associated with setting up or administering the QSF shall be paid from the Settlement Amount.

19.     "Releasees" means Defendants, and all of their respective current and former, direct and indirect parents, subsidiaries, affiliates, insurers, successors, assignees, and any other entity with an interest in or obligation regarding Defendants' assets or liabilities, including but not limited to any controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, members, managers, directors, executives, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, insurers, consultants, suppliers, distributors, customers, contractors, experts, accountants, bankers, testing laboratories, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns, whether or not specifically named or participating in the settlement by payment or otherwise.

20.     "Releasors" means Plaintiffs and the Settlement Class Members, as defined in Paragraph 26, and all of their current and former, direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, and shareholders; all respective current and former officers, directors, principals, partners, members, heirs, attorneys, representatives, agents, and employees of each of the foregoing entities; and assignees of any claim that is subject to release, as described in Section J.

21.     "Service Awards" means the amount sought by application to and approved by the Court that may, if approved by the Court, be paid to the Named Plaintiffs upon the Effective Date.

22.     "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

23.     "Settlement Administrator" means and refers to a third-party class action settlement administrator agreed to by the Parties, who will, among other things, provide notice of the Settlement to the Settlement Class Members and distribute the settlement amounts as described in this Settlement Agreement.

24.     "Settlement Administration Costs" means the costs payable from the Settlement Amount to the Settlement Administrator for administering this Settlement including, but not limited to, printing, distributing, and tracking documents for this Settlement, tax reporting, distributing the Settlement Amount, and providing necessary reports and declarations, and any other expenses incurred by the Settlement Administrator to complete the settlement process according to the terms of this Agreement, as requested by the Parties. The Settlement Administration Costs shall be paid from the Settlement Amount, including, if necessary, any such costs in excess of $99,892, which is the amount represented by the Settlement Administrator as being the estimated costs necessary to administer the Settlement.

25.     "Settlement Amount" means $1,893,125 in United States dollars. In no event shall Defendants be obligated to pay more than $1,893,125 in connection with this Settlement, and all payments associated with the Agreement shall be paid from the Settlement Amount.

26.     "Settlement Class" means: all persons or entities in the United States that ClassPass has listed on its website or mobile application ("app") from August 1, 2020 through the Preliminary Approval Date as part of the ClassPass Concierge program that are not ClassPass Partners. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

27.     "Settlement Class Member" means a member of the Settlement Class that does not timely and validly elect to be excluded from the Settlement Class.

28.     "Settling Parties" or the "Parties" means Plaintiffs, the Settlement Class Members, and Defendants.

29.     "Settlement Website" means a website maintained by the Settlement Administrator that will include the Claim Form, Short Form Class Notice, Long Form Class Notice, and additional information relating to the Action and the Settlement.

30.     "Short Form Class Notice" means the summary notice of class action settlement substantially in the form attached hereto as Exhibit D.

**B.     <u>Injunctive Relief</u>**

31.     In consideration of the releases and dismissals set forth in this Settlement Agreement, subject to Court approval, and subject to the other terms and conditions of this Settlement Agreement, ClassPass agrees that within thirty (30) days of the Effective Date, ClassPass shall make the following changes to ClassPass Concierge (the "Injunctive Relief"):

(a)     **Take Down Option.** ClassPass will provide businesses listed through ClassPass Concierge the ability to (i) request that their landing pages be taken down or (ii) request changes to their pages. ClassPass will maintain a policy of responding promptly to businesses' take down requests and will ensure that it has adequate staff to remove any requested listings within 48 hours of the request.

(b)     **Removal Requirements.** Any Settlement Class Member that chooses to be removed from ClassPass Concierge as part of this Settlement will not be re-listed on ClassPass as part of ClassPass Concierge for at least twelve months following the Effective Date, and only if that Settlement Class Member requests to be added back to ClassPass Concierge after twelve months has elapsed.

(c)     **Appointment Scheduling Disclaimer and Procedure.** (i) After a ClassPass Member selects a preferred appointment time on a ClassPass Concierge business's scheduling page, the ClassPass Member will be provided the opportunity to select alternate time preferences for their appointment and/or an appointment time range; and (ii) ClassPass will provide notice on ClassPass Concierge landing pages explaining that

ClassPass Members attempting to book a service through ClassPass Concierge are choosing a preferred appointment time, that actual availability may differ from what is shown, and that ClassPass will attempt to book the service, but that the ClassPass Member should not assume the appointment is confirmed until ClassPass provides written confirmation in a follow-up email or other communication through the ClassPass platform.

(d)     **Stock Photo Disclaimer.** To the extent that ClassPass uses stock photographs in its ClassPass Concierge landing pages, ClassPass will affirmatively state that the photos displayed are stock photos.

(e)     **Landing Page Link.** ClassPass Concierge landing pages will include a link that will enable businesses to communicate with ClassPass (e.g. about ClassPass Concierge, to modify content on the businesses' landing page, and to request that the landing page be removed), and will contain the following language as a standalone paragraph distinguished from the rest of the text, such as by shading or bolding, and this paragraph will be placed in the venue description:

> If you are a business owner looking to learn more about Concierge, modify content on this page, or to remove this listing, click here.

(f)     **Removal of Appointment Instructions.** ClassPass will remove the instructions for ClassPass Members to show up to appointments 15 minutes in advance, and instead will advise ClassPass Members to visit the businesses' websites for additional information regarding their services, including but not limited to COVID-19 safety precautions and any screening forms.

(g)     **Business Contact Requirements.** When ClassPass representatives contact businesses to request a ClassPass Concierge booking on behalf of a ClassPass Member, the ClassPass representatives will disclose the ClassPass Concierge listing and the existence of the ClassPass Concierge program.

(h)     **New Concierge Listings.** ClassPass representatives will reach out to businesses that are not yet listed on ClassPass Concierge to verify that they will accept appointments through ClassPass. If a merchant has declined to become a partner with or otherwise be listed on ClassPass, ClassPass will not add such merchant to ClassPass Concierge unless the merchant requests to be added or if such merchant affirmatively consents to the listing.

32.     The Injunctive Relief provided in Paragraphs 32(a)-(h) does not prevent ClassPass from continuing to make changes to its platform, including changes reasonably warranted due to

changed business circumstances related to the Injunctive Relief provided herein, provided they are in compliance with applicable laws and consistent with the spirit of the Agreement.

33.     To the extent that the Parties have any disputes relating to any subsequent changes that ClassPass makes to ClassPass Concierge and the information displayed on ClassPass Concierge landing pages, the Parties agree that they will first attempt to informally resolve any dispute and, if their informal resolution is unsuccessful, they will mediate any such disputes before the Hon. Suzanne Segal (Ret.), or if Judge Segal is unavailable, another mutually agreeable mediator. The mediator will have discretion on allocating costs among the Parties.

**C.     Payment of the Settlement Amount**

34.     The Settlement Amount is the total amount that Defendants will pay under this Agreement, and includes (i) all costs and payments associated with Class Notice and administration of the settlement, including all payments to the Settlement Administrator; (ii) Settlement Class Members' compensation as provided herein; (iii) class representatives' Service Awards, as approved by the Court; (iv) Attorneys' Fees and Costs Award, as approved by the Court; and (v) all applicable taxes and tax expenses, if any. In no event shall Defendants' liability with respect to the Settlement exceed $1,893,125. All monies due to the Releasors in connection with this Action and the Agreement shall be derived solely from the Settlement Amount for settlement and satisfaction against the Releasees of all Released Claims, and Releasors shall have no other recovery against the Releasees.

35.     Any checks issued by the Settlement Administrator to Settlement Class Members shall be negotiable for sixty (60) calendar days. Those funds represented by settlement checks returned as undeliverable and the funds which correspond with the settlement checks that are not negotiated within sixty (60) calendar days after issuance shall be cancelled, and the funds associated with such cancelled checks, plus any accrued interest that has not been distributed, shall

be tendered by the Settlement Administrator to the *cy pres* beneficiary, namely, Bet Tzedek, 3250 Wilshire Blvd #1300, Los Angeles, CA 90010, which provides pro bono legal assistance to small businesses.

36.     Defendants shall pay to the Settlement Administrator the costs of Class Notice, when such amounts are incurred and become due and owing.  The Settlement Administrator shall be responsible for providing itemized invoices reflecting the cost of Class Notice to the Parties.

37.     No later than twenty-one (21) business days after the date of the Final Approval Order and Judgment, Defendants shall pay or cause to be paid by wire transfer the remainder of the Settlement Amount (i.e. $1,893,125, less amounts paid pursuant to Paragraph 36) into the QSF. The QSF shall be administered in accordance with the provisions of Section D.

**D.     The Settlement Fund**

38.     The Settlement Administrator shall establish and administer the QSF, but in no event will the Settlement Administrator disburse funds prior to the Effective Date, unless otherwise ordered by the Court.  The QSF shall be an interest-bearing account and the funds deposited into the QSF shall be held by Huntington Bank.  The Parties have the right to audit the administration of the QSF.

39.     Defendants shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, use, or administration, except as expressly otherwise provided in this Settlement Agreement.

40.     The Defendants' only payment obligation is to pay the Settlement Amount. Defendants shall not be liable for any costs, expenses, or fees of any of Plaintiffs' respective attorneys, experts, advisors, agents, or representatives. Payment of all such costs, expenses, and

fees, as approved by the Court, shall be paid only out of the Settlement Fund. No disbursements shall be made from the QSF prior to the Effective Date.

41.     <u>Attorneys' Fees and Cost Award</u>.   Class Counsel shall request, and Defendants agree to not oppose or impede, an award of attorneys' fees not in excess of 33.33% of the Settlement Amount, as well as an additional amount for actual litigation costs, not to exceed $50,000.  The Attorneys' Fees and Cost Award shall be paid from the Settlement Amount.  Named Plaintiffs expressly consent to this distribution of the Attorneys' Fees and Cost Award.  Any amount awarded for attorneys' fees to Class Counsel less than 33.33% will result in the non-awarded amounts to revert to the Settlement Fund available for distribution to Settlement Class Members.  Class Counsel shall be paid any Court-approved fees and costs no later than ten (10) calendar days after the Effective Date.  Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payment made pursuant to this Paragraph.  A Form 1099 – MISC, Box 14 shall be provided to Class Counsel by the Settlement Administrator for the payment made pursuant to this Paragraph. The Attorneys' Fees and Costs awarded from the Settlement Amount shall constitute full satisfaction of any claim by any person, attorney, or law firm for attorneys' fees, expenses, or costs in any way related to the Action, including Wilmington Collateral Agency, LLC and any other entity that may have an interest in the fees and costs recovered by Class Counsel. Neither Class Counsel nor any other current or past counsel for Plaintiffs shall be permitted to petition the Court for, or to accept, any additional payments for attorneys' fees, costs, interest, or any other amount from Defendant in connection with this Agreement except as specified above.

42.     Class Counsel, in their sole discretion, shall allocate and distribute the Attorneys' Fee and Cost Award among Class Counsel.

43.     Defendants expressly agree that they will not seek to recover their court costs, attorneys' fees, or expenses associated with the cost of defending against this Action from Class Counsel, Plaintiffs, or the Settlement Class.

44.     <u>Service Awards</u>: The amount, if any, awarded to the Named Plaintiffs as Service Award will be set by the Court in its discretion, not to exceed $10,000 for each Plaintiff. Defendants agree not to oppose this request.  The Service Awards to Named Plaintiffs will be paid out of the Settlement Amount. Plaintiffs will be bound by the release set forth in Paragraph 70 below, in exchange for these payments.  Named Plaintiffs will each be issued IRS Form 1099 in connection with these payments.  Named Plaintiffs shall be solely and legally responsible to pay any and all applicable taxes on these payments. The Parties agree that any amount awarded as the Service Awards to Named Plaintiffs less than the requested amount shall not be a basis for Class Counsel to void this Agreement.  Should the Court approve a lesser amount for the Service Awards, the difference shall be added to the Settlement Amount to be distributed to the Settlement Class Members

**E.     <u>Notice Process and Settlement Administration Proceedings</u>**

45.     The Class Notice shall conform to all applicable legal requirements and shall otherwise be in the manner and form agreed upon by the Parties and approved by the Court. Collectively, the Class Notice shall set forth the following information:

46.     <u>General Terms</u>. The Short and Long Form Class Notices shall be in substantially the same form as Exhibits C and D, which:

(a)     contain a short, plain statement describing the background of the Action, the Settlement Class and the proposed settlement;

(b)     inform Settlement Class Members of the injunctive relief as well as the Claim Form process for potential monetary award;

(c)     explain the impact of the proposed settlement on any existing litigation, arbitration or other proceeding;

     (d)     state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed settlement; and

     (e)     contain a date, time, and location for the Final Approval Hearing to be conducted by the Court.

47.    <u>Notice by First-Class Mail</u>.  Within ten (10) calendar days after receipt of the Class List, the Settlement Administrator shall mail the Short Form Class Notice to the Class Members via postcard. No later than ten (10) calendar days following entry of the Preliminary Approval Order, the Short Form Class Notice and Long Form Class Notice shall be posted on the Settlement Website by the Settlement Administrator.

48.    <u>Opt-Out/Objection Deadline Date:</u>  Class Members will have forty-five (45) calendar days from the mailing of the Short Form Class Notice to opt out of or object to the Settlement.

49.    <u>Procedure for Undeliverable Notices</u>.  Any Notices returned to the Settlement Administrator as non-delivered within thirty (30) days shall be sent to the forwarding address affixed thereto within five (5) business days.  If no forwarding address is provided, then the Settlement Administrator shall promptly attempt to determine a correct address.  In the event the procedures in this paragraph are followed and the intended recipient of a Notice still does not receive the Notice, the intended recipient shall be considered a Settlement Class Member and shall be bound by all terms of the Settlement and any Final Approval Order and Judgment entered by the Court if the Settlement is approved by the Court.

50.    <u>Presumption Regarding Receipt of Notice</u>.  It will be conclusively presumed that if an envelope has not been returned within thirty (30) days of the mailing that the member of the Settlement Class received the Notice.

51.     Settlement Class Members shall be bound by all terms of the Settlement and any Final Approval Order and Judgment entered by the Court if the Settlement is approved by the Court.

52.     Procedure for Objecting to or Opting Out of the Settlement.  Each Class Member will be fully advised of the Settlement, the ability to object to the Settlement, and the ability to opt-out or request exclusion from the Settlement.  The Short Form and Long Form Class Notices will inform the Settlement Class of the Court-established deadlines for filing objections or requesting exclusion from the Settlement in accordance with the following guidelines:

(a)     Procedure for Objecting. The Short Form Class Notice shall state the Opt-Out/Objection Deadline Date and refer recipients to the Settlement Website for additional information. The Long Form Class Notice shall provide that those individuals or entities within the Settlement Class who wish to object to the Settlement must mail a written statement of objection ("Notice of Objection") to the Settlement Administrator no later than the Opt-Out/Objection Deadline Date.  The postmark date of the mailing shall be deemed the exclusive means for determining that a Notice of Objection is timely.  The Notice of Objection must identify the objector's full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Parties' Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel.  The Settlement Administrator shall promptly forward to Class Counsel and Defendants' Counsel complete copies of all objections received, including the postmark dates for each objection.  Any objector may also appear at the Final Approval Hearing, in person, or virtually if available and authorized by the Court, or through an attorney retained at his or her own expense, but such appearance shall not be a prerequisite to the Court's consideration of any timely-filed objection. Individuals or entities who submit objections may withdraw their objections at any time.  Individuals or entities who submit objections shall remain part of the Class and be bound by the release provisions in this Agreement or the applicable release provisions in any order granting Final Approval. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage members of the Settlement Class to submit written objections to the Settlement or appeal from the Final Approval Order and Judgment. Class Counsel will not represent any members of the Settlement Class with respect to any such objections to this Settlement.  The Parties shall not be responsible for any fees, costs, or expenses incurred by any member of the

Settlement Class and/or his or her counsel related to any objections to the Settlement.

(b)  <u>Failure to Object.</u>  Absent good cause found by the Court, any Settlement Class Member who desires to object but fails to timely submit a written objection waives any right to object and will be foreclosed from making any objection to this Settlement. Any Settlement Class Member who does not timely and properly object waives any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as a motion to vacate judgment, motion for new trial, and/or extraordinary writs.

(c)  <u>Responses to Objections.</u>  Counsel for the Parties may file a response to any objections submitted by Objecting Settlement Class Members at least five (5) court days before the date of the Final Approval Hearing.

(d)  <u>Procedure for Opting Out</u>.  The Short Form Class Notice shall state the Opt-Out/Objection Deadline Date and refer recipients to the Settlement Website for additional information. The Long Form Class Notice shall provide that those individuals or entities within the Settlement Class who wish to opt out of the Settlement must mail a written signed statement to the Settlement Administrator expressing their desire to opt-out from the Settlement, and any such statement shall include the name (and former names, if any), current address, telephone number, and the last four (4) digits of a tax ID of the individual or entity and state that "I wish to opt out from the *ClassPass* settlement."  Any member of the Settlement Class who wishes to opt out of the Settlement must submit a request to be excluded from the Settlement to the Settlement Administrator postmarked no later than the Opt-Out/Objection Deadline Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an Opt-Out has been timely submitted.  Any member of the Settlement Class who submits a valid and timely Opt-Out request shall no longer be a member of the Class; shall be barred from participating in this Settlement, as to the class claims; shall be barred from objecting to this Settlement; shall receive no benefit from this Settlement,; and will not be bound by this Agreement, or the Final Approval Order and Judgment.  Any Settlement Class Member who does not Opt-Out by submitting a request for exclusion as described herein, (i) will be bound by the terms of this Settlement and conditions of this Agreement, the Final Approval Order and Judgment, and the releases set forth herein; (ii) be deemed to be Settlement Class Members for all purposes under this Agreement; and (iii) except as otherwise provided herein, will be deemed to have waived all objections and oppositions to the fairness, reasonableness, and adequacy of the Settlement. Multiple, so-called "mass" or "class," Opt-Out shall not be allowed.

(e)  As addressed in a separate writing to be filed *in camera* ("Confidential Side Letter") executed by Co-Lead Counsel on behalf of Plaintiffs and

Defendants, Defendants shall have the right to terminate the Agreement if valid individual Opt Outs meet or exceed the threshold specified therein.

53.    <u>No Solicitation of Settlement Objections or Opt-Outs</u>.  The Parties agree to use their best efforts to carry out the terms of this Settlement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage or influence members of the Settlement Class to submit written objections to the Settlement, to Opt-Out of the Settlement or to appeal from the Final Approval Order and Judgment.

54.    <u>No Opt-Outs or Subsequent Lawsuits By Any Parties Represented by Class Counsel</u>.  Class Counsel agrees that Named Plaintiffs waives their right to opt-out of or object to this Settlement.

55.    <u>Retention of Settlement Administrator</u>.  The Settlement Administrator shall be retained by Class Counsel and approved by Defendants in their reasonable discretion to help implement the terms of the proposed Settlement Agreement.  Prior to retention, the Settlement Administrator must provide a quote to the Parties itemizing the costs for notice administration, and processing of Settlement Class Member claims.  The costs associated with the Settlement Administrator, including costs of providing notice to the Class Members and processing claims, shall be paid from the Settlement Fund.

(a)    The Settlement Administrator shall assist with various administrative tasks, including, without limitation, (a) mailing or arranging for the mailing or other distribution of the Short Form Class Notice and to the Settlement Class, (b) arranging for publication of the Short Form Class Notice, Long Form Class Notice, Claim Forms and additional documents relating to the Action on a Settlement Website, (c) handling returned mail not delivered to individuals or entities within the Settlement Class, (d) attempting to obtain updated address information for individuals or entities within the Settlement Class and for any Notice mailings returned without a forwarding address or an expired forwarding address, (e) making any additional mailings required under the terms of this Settlement Agreement, (f) answering written inquiries from individuals or entities within the Settlement Class and/or forwarding such inquiries to Class Counsel or their designee, (g) receiving and maintaining on behalf of the Court and the Parties any Settlement Class correspondence regarding

requests for exclusion from the settlement, (h) receiving and processing claims and distributing payments to Settlement Class Members, and (i) otherwise assisting with administration of the Settlement.

(b) The contract with the Settlement Administrator shall obligate the Settlement Administrator to abide by the following performance standards: (1) the Settlement Administrator shall accurately and objectively describe, and shall train and instruct its employees and agents to accurately and objectively describe, the provisions of this Settlement Agreement in communications with individuals or entities within the Settlement Class; and (2) the Settlement Administrator shall provide prompt, accurate and objective responses to inquiries from Class Counsel or their designee, Defendants and/or Defendants' Counsel.

## F.  **Distribution of the Settlement Fund**

56.     The Settlement Fund shall be paid in the following order:

(a) All costs and payments associated with Class Notice and administration of the Settlement, including all payments to the Settlement Administrator;

(b) Any necessary taxes and tax expenses;

(c) Court-approved Attorneys' Fees and Costs Award to Co-Lead Counsel;

(d) Court-approved Service Awards to Named Plaintiffs; and

(e) Payments to Settlement Class Members that submit timely and valid Claim Forms as set forth in Paragraph 59 below.

In the event the Effective Date does not occur, all amounts paid into or accrued in the QSF shall be returned to Defendants within seven (7) calendar days of this Agreement becoming void or otherwise of no further force and effect.

57.     The following Settlement Class Members will be eligible to receive payments from the Settlement Fund with the amount of the payments determined on a pro rata basis depending on how many businesses submit claims:

(a) Each Settlement Class Member that is currently listed on ClassPass through ClassPass Concierge and submits a Claim Form will be eligible to receive a payment from the Settlement Fund.

(b) Each Settlement Class Member that was previously listed on ClassPass Concierge and that ClassPass removed from ClassPass at that business's

request will be eligible to receive a payment from the Settlement Fund by submitting a Claim Form.

58.     The Settlement Administrator shall distribute the payments to Settlement Class Members no later than ten (10) calendar days after the Effective Date.

59.     <u>Eligibility for Cash Payment</u>. To be eligible for a payment from the Settlement Fund as provided in Paragraph 57, the Claim Form must be complete and must be postmarked or electronically submitted within the Claims Period.  Only one Claim Form per business may be submitted.  Adequate and customary procedures and standards will be used by the Settlement Administrator to prevent the payment of fraudulent claims and to pay only legitimate claims. Defendants are entitled to dispute claims if available records or other information indicate that the information contained on the Claim Form is inaccurate or incomplete, but the determination of the Settlement Administrator concerning the eligibility and amount of payment shall be final. In the event a Settlement Class Member disagrees with such a determination, the Settlement Administrator agrees to reconsider such determination, which includes consultation with Defendants' counsel and Class Counsel.

60.     <u>Claim Form Availability</u>. The Claim Form will be part of the Long Form Class Notice and will be available for downloading from the Settlement Website. The Claim Form may also be requested by calling the toll-free number provided by the Settlement Administrator or by writing to the Settlement Administrator. The Claim Form will also exist in an electronic form that can be submitted on the Settlement Website.

**G.     <u>Stipulation to Conditional Class Certification</u>**

61.     For settlement purposes only, and without any finding or admission of liability or wrongdoing by Defendants, and solely pursuant to the terms of this Settlement, the Parties consent to and agree to the conditional certification of the Settlement Class as defined in Paragraph 26, to the appointment of Class Counsel as counsel for the Settlement Class, and to the conditional

approval of Plaintiffs as adequate representatives of the Settlement Class. The Settling Parties stipulate and agree to the conditional certification of the Settlement Class for purposes of this Settlement only and certification of the Settlement Class is conditional on the Court's approval of the Settlement. Should, for whatever reason, the Settlement not receive Final Approval or otherwise be rescinded, the Settling Parties' stipulation to class certification as part of the Settlement shall become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in the Action or in any other case or controversy. And, in such an event, this Settlement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of the Parties, who shall be restored to their respective positions as of the date of this Settlement, and Defendants shall not be deemed to have waived any opposition or defenses it has to any aspect of the claims asserted in the Action or to whether those claims or the Action may properly be maintained as a class action.

**H.**     **Interim Stay of Proceedings**

62.     Pending completion of all of the prerequisites necessary to effectuate this Settlement, the Parties agree, subject to Court approval, to a stay of all proceedings in the Action except such as are necessary to effectuate the Settlement.

**I.**     **Approval of this Settlement Agreement and Dismissal of the Action**

63.     The Settling Parties agree to make best efforts to take actions to effectuate this Settlement Agreement and shall cooperate to promptly seek and obtain the Court's preliminary and Final Approval of this Settlement Agreement, including without limitation seeking the Court's approval of procedures (including the dissemination of class notice under Federal Rules of Civil Procedure 23(c) and (e), and scheduling a final fairness hearing) to obtain Final Approval of the Settlement and the final dismissal with prejudice of the Action as to Defendants and the Releasees.

64.    Within twenty-one (21) calendar days of the Execution Date, or as ordered by the Court, Plaintiffs shall submit to the Court a motion requesting that the Court preliminarily approve the Settlement and authorize dissemination of notice to the Settlement Class (the "Motion"). The Motion shall be subject to Defendants' review and approval, and Plaintiffs shall provide a draft to Defendants' counsel at least five (5) business days before the deadline to file the Motion. The Motion shall include: (a) a proposed form of order preliminarily approving the Settlement; (b) proposed forms of, and methods for, dissemination of the Long and Short Form Class Notices to the Settlement Class; (c) a proposed form of final judgment order; and (d) Claim Form—all of which shall be furnished to Defendants for review and prior approval at least five (5) business days before the deadline for filing if not previously provided as part of the Settlement Agreement, such approval not to be unreasonably withheld.

65.    Within fourteen (14) calendar days of the Preliminary Approval Date, Defendants agree to provide the Settlement Administrator with the mailing addresses for all Class Members, as reflected in Defendants' existing business records and to the extent such records and information exists.  Defendants are not responsible for verifying the accuracy of such mailing addresses.

66.    Within ten (10) calendar days after this Settlement Agreement and the accompanying motion papers seeking preliminary approval are filed with the Court, the Settlement Administrator, in conjunction with Defendants, shall cause notice of the Settlement Agreement to be served upon appropriate State and Federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

67.    If the Settlement is preliminarily approved by the Court, Plaintiffs shall submit a motion for Final Approval of the Settlement and entry of a final judgment order as to Defendants by the date set by the Court, the text of which shall be furnished to Defendants for review and prior approval at least five (5) business days before the deadline for filing, such approval not to be

unreasonably withheld. The motion for final approval of the settlement shall request the Court

enter the Final Approval Order and Judgment, which shall include provisions:

    (a)    certifying the Settlement Class under Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), solely for the purpose of this Settlement;

    (b)    granting final approval of the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e), and directing the consummation of the Settlement according to its terms;

    (c)    directing that, as to Defendants, the Action be dismissed with prejudice and, except as provided for herein, without costs;

    (d)    adjudging that Releasors are conclusively deemed to have released the Releasees of the Released Claims;

    (e)    barring and permanently enjoining each Settlement Class Member from prosecuting against the Releasees any and all of the Released Claims;

    (f)    reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including its administration and consummation, to the United States District Court for the Southern District of New York; and

    (g)    directing entry of final judgment as to Defendants.

68.    On the Execution Date, the Settling Parties shall be bound by the terms of this

Settlement Agreement, and this Settlement Agreement shall not be rescinded except in accordance

with Section L.

69.    Neither this Settlement Agreement (whether or not it becomes final), the

Preliminary Approval Order, the Final Approval Order and Judgment, nor any and all negotiations,

documents, actions taken to carry out the settlement, and/or discussions associated with them, are

intended to be, nor may they be deemed or construed to be, an admission or concession by

Defendants, or evidence of any violation of any statute or law or of any liability or wrongdoing

whatsoever by Defendants, or of the truth or validity of any of the claims or allegations contained

in any complaint or any other pleading filed in the Action; and evidence thereof shall not be

discoverable or used directly or indirectly, in any way, whether in the Action, or in any other

arbitration, action or proceeding whatsoever, against Defendants. Neither this Settlement

Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Settlement Agreement by Defendants, shall be referred to, offered or received as evidence, concession, presumption, or inference of any wrongdoing by Defendants in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Settlement Agreement, or to defend against the assertion of Released Claims, as defined in Section J, or as otherwise required by law.  Defendants deny the material allegations of the complaint in this action.

**J.**     **Releases, Discharge, and Covenant Not to Sue**

70.    Upon Final Approval and in consideration of payment of the Settlement Amount into the QSF as specified in Section C, Releasors shall be deemed to have, and by operation of Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Releasees.  "Released Claims" means any and all causes of action asserted or that could have been or could still be alleged or asserted, including without limitation claims, demands, actions, suits, injuries, causes of action, damages, judgments, losses, and rights of action of any nature, whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), including without limitation costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against Releasees (or any of them), whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of Releasees (or any of them) from the beginning of time to the Preliminary Approval Date, by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, omissions, or any other

matter whatsoever related directly or indirectly to the facts alleged in the Action, under the Lanham Act, 15 U.S.C. § 1125, *et seq.*, or any other unfair competition, or consumer protection law, or any other law, whether under federal, state, local or foreign law. Releasors covenant and agree that they will not, after the Effective Date seek to recover from any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of this Settlement Agreement.

71.     In addition to the provisions of Paragraph 70, Releasors hereby expressly waive and release, upon Final Approval of this Settlement Agreement, any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> Certain claims not affected by general release. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those the Releasor knows or believes to be true with respect to the claims that are released pursuant to provisions of Paragraph 70, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Settlement Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of Paragraph 70, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

72.     As of the Effective Date, by operation of the entry of the Final Approval Order and Judgment, each Settlement Class Member shall be held to have fully released, waived, relinquished, and discharged the Releasees from the Released Claims, to the fullest extent

permitted by law, and shall be enjoined from continuing, instituting, participating in, or prosecuting any legal proceeding against the Releasees relating in any way whatsoever to the Released Claims.

73.     The Releasors stipulate and agree that upon the Court's entry of the Final Approval Order and Judgment, this Action shall be DISMISSED WITH PREJUDICE.

74.     Upon the Effective Date, Defendants shall be deemed to have fully released Releasors from any claims relating to the institution or prosecution of the Action.

**K.     Plaintiffs' Claims And The Benefit of Settlement**

75.     Before commencing the Action and during settlement negotiations, Co-Lead Counsel states that it conducted a thorough examination and evaluation of the relevant law and facts to assess the merits of Plaintiffs' claims and potential claims and to determine how best to serve the interests of the Class. Further, Plaintiffs' conducted formal discovery and Defendants provided additional documents and information in the parties' mediation process, which has enabled Co-Lead Counsel to assess the merits of the claims and potential claims to negotiate a settlement.

76.     Co-Lead Counsel, on behalf of the Settlement Class, have agreed to settle the Action pursuant to the provisions of this Agreement after considering, among other things: (a) the substantial benefits to Plaintiffs and the Settlement Class under the Settlement; (b) the risks and uncertainty of future proceedings (including appeals), which would be protracted and expensive, would involve highly complex legal and factual issues relating to class certification, liability, and damages, and would involve substantial uncertainties, delays, and other risks inherent to litigation; (c) Defendants' implementation of the Injunctive Relief that address the concerns that led Plaintiffs to file this litigation; and (d) the desirability of consummating this Settlement to provide effective timely relief to Plaintiffs and the Settlement Class.

77.     In consideration of all of these circumstances, Co-Lead Counsel and Plaintiffs have concluded that the proposed settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**L.     Rescission**

78.     If the Court refuses to approve this Settlement Agreement or any material part hereof, including if the Court does not certify the Settlement Class in accordance with the specific Settlement Class definition set forth in this Settlement Agreement; or if such approval is modified in material way or set aside on appeal; or if a final judgment order with provisions generally similar to those in the Final Approval Order is not entered; or if the Court enters the final judgment order and appellate review is sought, and on such review, such final judgment order is not affirmed in material part, then Defendants, on the one hand, and Plaintiffs, on the other, shall each, in their sole discretion, have the option to rescind this Settlement Agreement in its entirety (except as hereafter provided in Paragraph 79) by written notice to the Court and to counsel for the other Settling Parties filed and served within fourteen (14) calendar days of the entry of an order not granting court approval or Final Approval, or having the effect of disapproving or materially modifying the terms of the Settlement Agreement.

79.     A modification by the Court or reversal on appeal of any amount of the Settlement Fund that the Court authorizes to be used to pay Plaintiffs' attorneys fees, the class representatives' service awards, or Plaintiffs' litigation expenses shall not be deemed a modification of all or part of the terms of this Settlement Agreement or such final judgment order, and shall not be grounds for rescission under this Section or otherwise.

80.     In the event that this Settlement is not approved by the Court or the settlement set forth in this Settlement Agreement is terminated or fails to become effective in accordance with its terms, the Parties shall be restored to their respective pre-settlement positions in the Action,

including with regard to any agreements concerning tolling and similar agreements, and this entire Settlement Agreement shall become null and void. In that event, the Action will proceed as if this Settlement Agreement had never been executed, and this Settlement Agreement, and representations made in conjunction with this Settlement Agreement, may not be used in the Action or otherwise for any purpose. Plaintiffs and Defendants expressly reserve all rights if the Settlement Agreement does not become effective or if it is rescinded by Plaintiffs or Defendants pursuant to this Section L.

81.     Defendants' right to rescind this Settlement Agreement is a material term of this Settlement Agreement.

**M.     <u>Taxes</u>**

82.     Co-Lead Counsel shall be solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund, shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund, and shall be solely responsible for taking out of the Settlement Fund, when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund. Defendants shall have no responsibility to make any filings related to the Settlement Fund and shall have no responsibility to pay taxes on any income earned by the Settlement Fund. Defendants make no representations regarding, and shall not be responsible for, the tax consequences of any payments made pursuant to this Settlement Agreement to Co-Lead Counsel or to any Settlement Class Member. Named Plaintiffs, Settlement Class Members, and Class Counsel, understand and agree that they are solely responsible for the payment of any taxes and penalties assessed on the payments described herein.

N.    **Miscellaneous**

83.    <u>No Media Statements</u>.  Named Plaintiffs, Class Counsel, all other counsel of record for Plaintiffs, and Defendants agree not to affirmatively issue any press releases regarding this Settlement, and any public statements by Named Plaintiffs, Class Counsel, all other counsel of record, and Defendants must be consistent with the Long Form Class Notice and/or the Short Form Class Notice. Class Counsel shall, however, provide Defendants reasonable notice (via email to Counsel for Defendants) of any such public statements made by Class Counsel in order to provide Defendants adequate opportunity to exercise their rights under this provision. Likewise, Defendants shall provide Class Counsel reasonable notice of any such public statements made by Defendants in order to provide Class Counsel adequate opportunity to exercise their right under this provision. Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude Plaintiffs, Class Counsel, or Defendants from making a public statement in support of the Settlement (e.g. that the Settlement is a good result for the Class), if questioned about it or in connection with filings submitted in support of the Settlement in this Action. In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from discussing the Settlement with Class Members in a manner that is consistent with the language of the Settlement Agreement. For the avoidance of a doubt, this provision is intended by all Parties to comply with Rule 5.6(b) of the Model Rules of Professional Conduct and is not intended to, nor shall it restrict Class Counsel from their right to practice law and to adequately represent the Class and Class Counsel's current or future clients. Further, the Named Plaintiffs and Class Counsel agree that, prior to moving for preliminary approval of the settlement, they will keep the terms of this Settlement confidential except for purposes of communicating with the Named Plaintiffs and the Settlement Administrator. The Named

Plaintiffs shall be informed that the Settlement is confidential and shall be advised to keep the Settlement confidential.

84.     This Settlement Agreement constitutes the entire agreement between Plaintiffs and Defendants pertaining to the Settlement of the Action against Defendants. This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and Defendants.

85.     Neither this Settlement Agreement nor any negotiations or proceedings connected with it shall be deemed or construed to be an admission by any party or any Releasee of any wrongdoing or liability or evidence of any violation by Defendants of any federal or state statute or law either in the Action or in any action or proceeding, and evidence thereof shall not be discoverable or used, directly or indirectly, in any way, except in a proceeding to interpret or enforce this Settlement Agreement. This Settlement Agreement represents the settlement of disputed claims and does not constitute, nor shall it be construed as, an admission or disparagement of the correctness of any position asserted by any party, or an admission of liability or lack of liability or of any wrongdoing or lack of any wrongdoing by any party, or as an admission of any strengths or weaknesses of Plaintiffs' claims or Defendants' defenses. Any amounts paid in connection with the Settlement are paid as a commercial settlement and not as a fine. Defendants specifically deny any wrongdoing or liability by any of the Releasees.

86.     This Settlement Agreement may be executed in counterparts by Plaintiffs and Defendants, and a fax or scanned signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

87.     The Parties may execute the Settlement Agreement through electronic signatures such as through Docusign or another e-signature platform so long as the platform provides authenticating information confirming that the Party has signed the Settlement Agreement.

88.     Neither Plaintiffs nor Defendants shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, the common law, or rule of interpretation that would or might cause any provision of this Settlement Agreement to be construed against the drafter.

89.     The provisions of this Settlement Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability.

90.     The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement and the Settlement.

91.     Except as described in Paragraph 33 (disputes relating to the Injunctive Relief), any disputes between Plaintiffs and Defendants concerning this Settlement Agreement shall, if they cannot be resolved by the Settling Parties, be submitted to the Court.

92.     This Settlement Agreement shall be governed and interpreted according to the substantive laws of the State of New York, without regard to its choice of law or conflict of law principles.

93.     Each party to this Settlement Agreement acknowledges that it has been and is being fully advised by competent legal counsel of such party's own choice and fully understands the terms and conditions of this Settlement Agreement, and the meaning and import thereof, and that such party's execution of this Settlement Agreement is with the advice of such party's counsel and of such party's own free will. Each party to this Settlement Agreement represents and warrants that it has sufficient information regarding the transaction and the other Settling Parties to reach an informed decision, and has, independently and without relying upon the other Settling Parties, and based on such information as it has deemed appropriate, made its own decision to enter into this Settlement Agreement, and was not fraudulently or otherwise wrongfully induced to enter into this Settlement Agreement.

94.     Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

**O.**     <u>**Notice**</u>

95.     All notices, requests, demands and other communications to the Parties or their counsel required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered personally or mailed postage-prepaid by First Class U.S. Mail to the following persons at their addresses set forth as follows:

<u>Class Counsel for Plaintiffs:</u>

Raphael Janove
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006

<u>Counsel for Defendants</u>

Robyn E. Bladow
Kirkland & Ellis LLP
555 South Flower Street
Los Angeles, CA 90071

IN WITNESS THEREOF, the Parties hereto have caused this Settlement Agreement to be executed by their duly authorized representatives:

Date:   Jan 5, 2023

*Brian Jackson*
Brian Jackson (Jan 5, 2023 12:37 EST)
Tipsy Nail Club LLC

Date:   Jan 3, 2023

Celeste Adamski (Jan 3, 2023 18:06 EST)
Salon Phoenix Cosmetology, LLC

Date:   Jan 5, 2023

Lynn Mosher (Jan 5, 2023 12:54 EST)
Rapha Massage LLC

Date:   Jan 4, 2023

Kaitlyn Wininger (Jan 4, 2023 15:21 MST)
Enlighten Massage Therapy LLC

Date:   Jan 3, 2023

Cecilia Smith (Jan 3, 2023 17:04 EST)
The Facial Bar, LLC

Date:   Jan 3, 2023

Amanda spayde (Jan 3, 2023 18:23 MST)
Salon Goldyn, Inc

Date:   Jan 3, 2023

janine jarman (Jan 3, 2023 14:46 PST)
Salon Hairroin, Inc.

Date:   Jan 3, 2023

Raphael Janove (Jan 3, 2023 19:35 EST)
Raphael Janove
Adam Pollock
Max Rodriguez
**POLLOCK COHEN LLP**
111 Broadway, Suite 1804
New York, NY 10006
(212) 337-5361
Rafi@PollockCohen.com
Adam@PollockCohen.com
Max@PollockCohen.com

Michael J. Boni (admitted *pro hac vice*)

Joshua D. Snyder (admitted *pro hac vice*)
Benjamin J. Eichel (admitted *pro hac vice*)
**BONI, ZACK & SNYDER LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
mboni@bonizack.com
jsnyder@bonizack.com
beichel@bonizack.com

*Attorneys for Plaintiffs and
the Proposed Settlement Class*

Date: 1/5/2023

_____
ClassPass Inc. and ClassPass LLC

Date: _____

_____
Fritz Lanman

Date: _____

_____
Payal Kadakia

Agreed as to form:

Date: _____

_____
Dale M. Cendali
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower St.
Suite 3700
Los Angeles, California 90071
Telephone: (213) 680-8400
rbladow@kirkland.com

*Attorney for Defendants*

DocuSign Envelope ID: C58B01B5-0D88-44F9-952D-3EF8B49C523B

Joshua D. Snyder (admitted *pro hac vice*)
Benjamin J. Eichel (admitted *pro hac vice*)
**BONI, ZACK & SNYDER LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
mboni@bonizack.com
jsnyder@bonizack.com
beichel@bonizack.com

*Attorneys for Plaintiffs and the Proposed Settlement Class*

Date: _____

ClassPass Inc. and ClassPass LLC

Date: 1/6/2023 _____

Fritz Lanman

Date: _____

Payal Kadakia

Agreed as to form:

Date: _____

Dale M. Cendali
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower St.
Suite 3700
Los Angeles, California 90071
Telephone: (213) 680-8400
rbladow@kirkland.com

*Attorney for Defendants*

Joshua D. Snyder (admitted *pro hac vice*)
Benjamin J. Eichel (admitted *pro hac vice*)
**BONI, ZACK & SNYDER LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
mboni@bonizack.com
jsnyder@bonizack.com
beichel@bonizack.com

*Attorneys for Plaintiffs and
the Proposed Settlement Class*

Date: _____

ClassPass Inc. and ClassPass LLC

Date: _____

Fritz Lanman

Date: 1/5/2023   _____

Payal Kadakia

Agreed as to form:

Date:

_____

Dale M. Cendali
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower St.
Suite 3700
Los Angeles, California 90071
Telephone: (213) 680-8400
rbladow@kirkland.com

*Attorney for Defendants*

Joshua D. Snyder (admitted *pro hac vice*)
Benjamin J. Eichel (admitted *pro hac vice*)
**BONI, ZACK & SNYDER LLC**
15 St. Asaphs Road
Bala Cynwyd, PA 19004
(610) 822-0200
mboni@bonizack.com
jsnyder@bonizack.com
beichel@bonizack.com

*Attorneys for Plaintiffs and
the Proposed Settlement Class*

Date: _____

ClassPass Inc. and ClassPass LLC

Date: _____

Fritz Lanman

Date: _____

Payal Kadakia

Agreed as to form:

Date: January 6, 2023

_____

Dale M. Cendali
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

Robyn E. Bladow
KIRKLAND & ELLIS LLP
555 South Flower St.
Suite 3700
Los Angeles, California 90071
Telephone: (213) 680-8400
rbladow@kirkland.com

*Attorney for Defendants*

# Exhibit A

## CLAIM FORM

### TIPSY NAIL CLUB LLC et al. v. CLASSPASS INC., et al.,
**No. 21 Civ.8662 (AT)(SN) (S.D.N.Y.)**

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, THIS CLAIM FORM MUST BE SUBMITTED ONLINE, FAXED, OR POSTMARKED ON OR BEFORE_____TO THE FOLLOWING:**

**CLASSPASS SETTLEMENT**
**C/O RG/2 CLAIMS ADMINISTRATION LLC**
**P.O. BOX 59479**
**PHILADELPHIA, PA 19102-9479**
**FACSIMILE: (215) 827-5551**

**INSTRUCTIONS**: You must provide all required information below and sign this Claim Form and either submit it online, or mail it, or fax it. This Claim Form asks for basic identification information.

It is important that you read carefully the Notice of Proposed Class Action Settlement that is available on the website www.__.com, which describes the proposed settlement, how Settlement Class Members are affected by the Settlement, and the manner in which settlement funds are proposed to be distributed. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Release described therein.

If your Claim Form is not submitted online or mailed by [DATE], you will not be eligible for payment, but you still will be bound by the settlement. The amount you receive may vary depending on the number of claims filed, among other factors explained more fully in the Class Notice and in the documents posted on the Settlement Administrator's website, www. _____.com. Additionally, you may be required to submit a W-9 form if the value of your claim exceeds $599.99. If you are required to submit a W-9 form and do not do so, the Settlement Administrator will deduct tax withholding from your settlement payment.

Please file this claim though the claim portal at www._____.com or print and mail or fax it, and provide the following information:

**Your Business Name:**

_____

**Your Corporate Name, If Different From Your Business Name:**

_____

**Filer name (in order to file a claim on behalf of an entity, the filer must be authorized to sign a release on behalf of the entity):**

Last: _____

First: _____

**Address:**

| | |
|---|---|
| Line 1: | _____ |
| Line 2: | _____ |
| City/St/Zip: | _____ |
| Email | _____ |
| Phone | _____ |

**Corporation ☐**    **Limited Liability Company ☐**    **Partnership ☐**    **Other ☐**

_____

**Confirmation of Class Membership:**

I verify under penalty of perjury that ClassPass listed my business on its website or mobile application ("app") even though my business had not entered into an agreement with ClassPass to be listed as a Partner on its website or app, and:

☐        My business is not currently listed on ClassPass, and ClassPass previously removed my business's landing page from ClassPass at my request, and I would like to make a claim.

OR:

☐        My business is currently listed through the ClassPass Concierge program, and I would like to make a claim.

*Unless you have checked one of the boxes above, you will __not__ be entitled to payment. If you check the second box, your business will not be removed from ClassPass's website and app unless you submit a request to do so. Please see the Settlement Agreement, available at _____, for full details or if you have any questions about this lawsuit or this Claim Form, or you may call the Settlement Administrator at ___.*

By signing this form, I am declaring under the penalty of perjury that the above information is correct and that:

1. I am the person identified above and am over the age of 18.
2. I have not received money or compensation for any of the claims involved in this case.
3. I acknowledge that I received Notice of the proposed Class Action Settlement in this case and I am a class member as described in the Notice. I agree to release all the claims, known and unknown, stated in Paragraph ___ of the Settlement Agreement. I submit to the jurisdiction of the court presiding over this action with regard to my claim. I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.___.com.
4. I am responsible for keeping the Settlement Administrator updated with any changes to my address.

_____    Date: _____
Signature


_____
Print name and title

# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIPSY NAIL CLUB LLC, SALON PHOENIX COSMETOLOGY, LLC, RAPHA MASSAGE, LLC, ENLIGHTEN MASSAGE THERAPY LLC, THE FACIAL BAR, LLC, SALON GOLDYN, INC, and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>      v.<br><br>CLASSPASS INC., CLASSPASS, LLC, FRITZ LANMAN, and PAYAL KADAKIA,<br><br>                Defendants. | No. 21 Civ. 8662 (AT) (SN) |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

2

Tipsy Nail Club LLC, Salon Phoenix Cosmetology, LLC, Rapha Massage LLC, Enlighten Massage Therapy LLC, The Facial Bar, LLC, Salon Goldyn, Inc, and Salon Hairroin, Inc. (collectively, "Plaintiffs") and ClassPass Inc., ClassPass, LLC, Fritz Lanman, and Payal Kadakia (collectively, "Defendants") entered into a Settlement Agreement dated January 6, 2023 to fully and finally resolve the Settlement Class's claims (the "Settlement"). On January 6, 2023, Plaintiffs moved the Court for an order preliminarily approving the Settlement, authorizing Plaintiffs to disseminate notice to potential members of the Settlement Class, and scheduling a hearing to determine whether the Settlement is fair, reasonable, and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e). On _____, the Court held a hearing on the motion, during which the Court stated it would preliminarily approve the Original Settlement and scheduled a Fairness Hearing for _____. By order entered _____ (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement, certified the Settlement Class solely for the purposes of sending notice of the Settlement, and authorized Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters. Notice has been provided to potential members of the Settlement Class and the appropriate governmental entities under the Class Action Fairness Act pursuant to the Preliminary Approval Order. The Court held a hearing on the fairness of the Settlement on _____.

The Court has considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Proposed Settlement, the arguments presented at the fairness hearing, and the entire record in this matter.

**AND NOW**, this ___ day of _____, 2023, it is hereby **ORDERED** that:

1.      The Court has jurisdiction over the subject matter of this Action.

2.      The terms capitalized in this Final Approval Order and Judgment ("Final Approval Order") and not otherwise defined differently herein have the same meaning as they have in the Settlement Agreement.

3.      The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide potential members of the Settlement Class with notice of the Settlement, the fairness hearing, and related matters. Individual notice by postcard was sent to potential members of the Settlement Class who could be identified through reasonable efforts and the Long Form Class Notice and Short Form Class Notice were posted on the Internet on a website dedicated to this litigation. Proof that mailing, publication, and posting have conformed with the Preliminary Approval Order has been filed with the Court. Due and adequate notice has been provided to potential members of the Settlement Class in compliance with Fed. R. Civ. P. 23 and the requirements of due process. The Court finds that the distribution of the Notice of Settlement constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of due process.

4.      The Settlement was entered into by Plaintiffs and Defendants in good faith following an extensive investigation of the facts and discovery sufficient for experienced Plaintiffs' counsel to evaluate the matter. It resulted from vigorous arm's-length negotiations undertaken by counsel with significant experience litigating class actions.

5.      Final approval of the Settlement is hereby granted pursuant to Fed. R Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class Members. This Court hereby directs the Parties to effectuate the Settlement according to its terms. The Settlement is hereby deemed incorporated herein as if expressly set forth, and has the full force and effect of an order and judgment of this Court. In reaching this conclusion, the Court considered the: (a)

value of the Settlement to the Settlement Class; (b) posture of the case at the time the Settlement was proposed; (c) extent of discovery that had been conducted; (d) circumstances surrounding the negotiations; (e) experience of Co-Lead Counsel in class action litigation; (f) relative strength of Plaintiffs' case on the merits; (g) the risks presented by Defendants' defenses to class certification, liability, and damages; (h) existence of any difficulties of proof or strong defenses the Plaintiffs were likely to encounter if the case went to trial; (i) anticipated duration and expense of additional litigation; and (j) degree of opposition to the Settlement.

6.      The Settlement Class conditionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for the sole purposes of the Settlement, and is comprised of all persons or entities in the United States that ClassPass has listed on its website or mobile application from August 1, 2020 through the [**Preliminary Approval Date, to be added**] as part of the ClassPass Concierge program that are not ClassPass Partners. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

7.      The Action is dismissed in its entirety with prejudice and without costs (except as provided for in the Settlement Agreement).

8.      Plaintiffs and all members of the Settlement Class who have not timely excluded themselves from the Settlement Class ("Settlement Class Members") and all of their current and former, direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, and shareholders; all respective current and former officers, directors, principals, partners, members, heirs, attorneys, representatives, agents, and employees

of each of the foregoing entities; and assignees of any claim that is subject to release

(collectively, "Releasors") are permanently barred and enjoined from prosecuting against

Defendants and all of their respective current and former, direct and indirect parents, owners,

subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, and shareholders;

and all respective current and former officers, directors, principals, partners, members, heirs,

attorneys, representatives, agents, and employees of each of the foregoing entities (collectively,

"Releasees") any and all causes of action asserted or that could have been or could still be

alleged or asserted, including without limitation claims, demands, actions, suits, injuries, causes

of action, damages, judgments, losses, and rights of action of any nature, whenever and however

incurred (whether actual, punitive, treble, compensatory, or otherwise), including without

limitation costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or

otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or

may have, directly, representatively, derivatively, or in any other capacity, against Releasees (or

any of them), whether known or unknown, suspected or unsuspected, foreseen or unforeseen,

actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity

or otherwise, in whole or in part or arising out of or relating in any way to any conduct, act, or

omission of Releasees (or any of them) from the beginning of time to the Preliminary Approval

Date, by reason of, arising out of, relating to, or in connection with the acts, events, facts,

matters, occurrences, transactions, statements, representations, misrepresentations, omissions, or

any other matter whatsoever related directly or indirectly to the facts alleged in the Action, under

the Lanham Act, 15 U.S.C. § 1125, *et seq.*, or any other unfair competition, or consumer

protection law, or any other law, whether under federal, state, local or foreign law, or any facts,

circumstances, acts or omissions arising out of or related to the allegations, including without

limitation in any other complaints filed in this Action or any related actions (the "Released

Claims"). Releasors hereby do and shall be deemed to have fully, finally, and forever released,

relinquished and discharged all Released Claims against the Releasees.

     9.    Releasors have expressly waived and released any and all provisions, rights, and

benefits conferred by Section 1542 of the California Civil Code, which states:

> Certain claims not affected by general release. A general release
> does not extend to claims that the creditor or releasing party does
> not know or suspect to exist in his or her favor at the time of
> executing the release and that, if known by him or her, would have
> materially affected his or her settlement with the debtor or released
> party;

or by any law of any state or territory in the United States or principle of common law, which is

similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor

may hereafter discover facts other than or different from those the Releasor knows or believes to

be true with respect to the claims that are released pursuant to provisions of Paragraph 8 of this

Final Approval Order, but each Releasor has expressly waived and fully, finally, and forever

settled and released any known or unknown, suspected or unsuspected, contingent or

noncontingent claim with respect to the subject matter of the provisions of Paragraph 8 of this

Final Approval Order, whether or not concealed or hidden, without regard to the subsequent

discovery or existence of such different or additional facts.

     10.    Pursuant to Paragraphs 25 and 37 of the Settlement Agreement, the Defendants'

total cash payment under the Settlement Agreement is $1,893,125. The Court finds the

Settlement Amount is fair, reasonable, and adequate. No person shall have any claim against

Defendants, Class Counsel, Defendants' counsel, or any other agent designated by Plaintiffs or

Defendants based upon the distribution of Settlement Amount made substantially in accordance

with the Settlement or further orders of the Court. The funding of the Settlement shall be carried

out in accordance with the terms of the Settlement. The Defendants shall pay or cause to be paid by wire transfer the remainder of the Settlement Amount (i.e. $1,893,125, less the cost of Class Notice paid pursuant to Paragraph __) into the Qualified Settlement Fund not later than twenty-one (21) business days after the entry of this Final Approval Order. No disbursements shall be made from the QSF prior to the Effective Date.  The Qualified Settlement Fund means an account established in accordance and compliance with Section 1.468B-1(a) of the United States Treasury Regulations to be set up by the Settlement Administrator for the benefit of the Settlement Class.

11.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used by the plaintiff or Settlement Class Members as an admission of, or evidence of, the validity of any of the Class Members' Released Claims, or of  wrongdoing or liability of any Defendant or any of the other Releasees; or (ii) is or may be deemed to be or may be used by the plaintiff or Settlement Class Members as an admission of, or evidence of, any fault or omission of any Defendant or any of the other Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants or any of the other Releasees may file the Settlement Agreement and/or the Order from this Action in any other action that may be brought again it or them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Final Approval Order, the Court retains exclusive jurisdiction over: (a) the Final Approval Order; (b) the Settlement Agreement, including its administration, implementation, and enforcement; and (c) any application for disbursement of the Settlement Fund made by Co-Lead Counsel.

14.     Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Defendants.


IT IS SO ORDERED.

DATED: _____, 2023         _____
                                       Hon. Analisa Torres
                                       United States District Judge

# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TIPSY NAIL CLUB LLC, SALON PHOENIX COSMETOLOGY, LLC, RAPHA MASSAGE, LLC, ENLIGHTEN MASSAGE THERAPY LLC, THE FACIAL BAR, LLC, SALON GOLDYN, INC, and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated, | No. 21 Civ. 8662 (AT) (SN) |
| Plaintiffs, | |
| v. | |
| CLASSPASS INC., CLASSPASS, LLC, FRITZ LANMAN, and PAYAL KADAKIA, | |
| Defendants. | |

**NOTICE OF CLASS ACTION SETTLEMENT**

**To: All companies that have been listed on the ClassPass website or mobile application at any time beginning from August 1, 2020 through _____ [PRELIMINARY APPROVAL DATE] as part of the ClassPass Concierge program.**

      **PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT NOW PENDING IN FEDERAL DISTRICT COURT. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE SETTLEMENT FUND.**

**This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Southern District of New York (the "Court"). It is not an advertisement or a solicitation from a lawyer.**

The purpose of this Notice is to inform you of a pending proposed class action lawsuit (the "Action") and of a Settlement of the Action with ClassPass, Inc., ClassPass, LLC, Fritz Lanman, and Payal Kadakia ("Defendants").

ClassPass is an online service that offers consumers access to thousands of fitness and wellness offerings through its platform on its website and mobile app. ClassPass subscribers purchase credits from ClassPass, which they can use to book classes at fitness and wellness businesses in ClassPass's network. In August 2020, ClassPass started a program called "Concierge," in which it listed beauty and wellness businesses that were not ClassPass Partners, providing ClassPass Members the ability to request appointments at those businesses through the ClassPass platform. The Action alleges that Defendants listed those businesses without their consent, and thus violated Section 43 of the Lanham Act and various states' competition and consumer protection statutes.

Defendants deny all of Plaintiffs' claims and deny violating any law, and assert that, at all times, their actions and business practices have been lawful and appropriate. By agreeing to settle, Defendants are in no way admitting (1) liability on any of the factual allegations or claims in this case, nor (2) that this case can or should proceed as a class action in the event the parties' Settlement does not become effective and the litigation goes forward.

The Court presiding over this case has not yet ruled on the merits of any of Plaintiffs' claims. This means that there has been not ruling as to who wins and who loses. If you want to see a copy of the complaint, answer, or any other pleadings, you may contact the Settlement Administrator or Class Counsel (contact below).

Plaintiffs and their attorneys, on behalf of themselves and the Class Members, negotiated a settlement with Defendants with the assistance of a mediator. The parties' agreement is documented in the Settlement Agreement, which the Court has preliminarily approved. Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendants have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for injunctive relief and the Settlement Amount of $1,893,125 (the "Settlement Fund").

**You are receiving this notice because you or your business have been identified as a likely member of the Settlement Class.** The "Settlement Class" is defined as all persons or entities in the United States that ClassPass has listed on its website or mobile application ("app") from August 1, 2020 through [the Preliminary Approval Date] as part of the ClassPass Concierge program that are not ClassPass Partners.

The following chart contains a summary of your rights and options:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You are automatically part of the Action if you fit the Settlement Class description. *See* Question 5 below. However, if you do not submit a timely claim, you will not be paid from the Settlement. You will be bound by any past and future court rulings, including rulings on the Settlement. *See* Questions 6, 7, 8, 9, 14, and 28 below. |
| **SUBMIT A CLAIM FORM** | If you complete and submit a Claim Form by ___, you will remain in the Settlement Class and be bound by the Settlement Agreement, and receive payment from the Settlement Fund (defined below) subject to the conditions set forth below, if the Settlement Agreement is approved. *See* Questions 8, 9, 10, 11 and 13 below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT (Opt-Out)** | If you wish to exclude yourself from the Settlement Class, you must submit a timely and valid written request to do so by Month XX, 2023. **If you exclude yourself, you will not be bound by the Settlement if approved, and you will be ineligible to share in the Settlement Fund**. *See* Questions 14-18 below. |
| **OBJECT TO THE SETTLEMENT** | If you do not choose to exclude yourself from the Settlement Class, you may object to it by following the procedures below no later than Month XX, 2023, but you will give up the right to receive the benefits this Settlement provides. *See* Question 19 below. |
| **ATTEND THE FAIRNESS HEARING** | You do not need to attend the fairness hearing, but you are welcome to do so. You may attend as an observer, or ask to speak in Court about your opinion of the Settlement. You may also appear through your own attorney at your own expense. *See* Questions 21, 25, 26, and 27 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made following final approval of the Settlement by the Court and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

### 1.     What is a class action?

A class action is a lawsuit in which a few representative plaintiffs, such as Tipsy Nail Club LLC, Salon Phoenix Cosmetology, LLC, Rapha Massage LLC, Enlighten Massage Therapy LLC, The Facial Bar, LLC, Salon Goldyn, Inc, and Salon Hairroin, Inc., (the "Named Plaintiffs" in this class action), argue that they should be allowed to bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, the class) that they contend have similar claims against the Defendants. The Named Plaintiffs, the Court, and counsel appointed to represent the class ("Class Counsel") all have a responsibility to make sure that the interests of all class members are adequately represented.

Class members are ***not*** individually responsible for the attorneys' fees or litigation expenses. In a class action settlement, the plaintiffs' attorneys' fees and litigation expenses are paid from the settlement fund and must be approved by the Court.

When a class enters into a settlement with a defendant, such as this Settlement with Defendants, the Court will require that the members of the class be given notice of the lawsuit, the settlement, your legal rights, an opportunity to be heard, the benefits of the settlement, and who is eligible to receive them. The Court then conducts a hearing to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2.     Why did I get this Notice?

You received this Notice because records indicate that you may be a member of the Settlement Class. If you are a potential Settlement Class Member, you have important decisions to make, and you may be entitled to money as part of the Settlement. You are not being sued.

### 3.     What is this lawsuit about?

ClassPass is an online service that offers consumers access to thousands of fitness and wellness offerings through its platform on its website and mobile app. ClassPass subscribers purchase credits from ClassPass, which they can use to book classes at fitness and wellness businesses in ClassPass's network. In August 2020, ClassPass, started a program called "Concierge," in which it began listing beauty and wellness businesses that are were not ClassPass Partners, providing ClassPass Members the ability to request appointments at those businesses through the ClassPass platform. Plaintiffs sued alleging that Defendants violated federal and state laws by listing businesses on the ClassPass platform through ClassPass Concierge without first obtaining the businesses' consent.

Defendants deny all of Plaintiffs' claims and deny violating any law, and assert that, at all times, their actions and business practices have been lawful and appropriate. Defendants are settling this action only to avoid the cost and distraction of protracted litigation.

### 4.      Why is there a settlement?

Plaintiffs' Co-Lead Counsel (identified below in response to Question 19) have investigated the facts and law regarding the claims at issue in this litigation, as well as Defendants' potential defenses. After lengthy, detailed negotiations with counsel for Defendants to reach the Settlement, Co-Lead Counsel believe the Settlement is in the best interests of the Settlement Class and support its approval. In addition, the Named Plaintiffs also support approval of the Settlement.

Defendants deny the allegations against them and deny that they did anything wrong. By agreeing to settle, Defendants are in no way admitting any liability on any of the allegations or claims, nor that this case can or should proceed as a class action if the litigation went forward.

The parties have agreed to settle the Action in its entirety to avoid burdensome and costly litigation, without any admission of liability by Defendants. The parties intend this Settlement Agreement to bind Named Plaintiffs, Defendants, and all Settlement Class Members who do not timely and properly exclude themselves from this Settlement.

### WHO IS IN THE PROPOSED SETTLEMENT CLASS?

### 5.      How do I know if I am a member of the Settlement Class?

In a Preliminary Approval Order, dated MONTH XX, 2022, the Court defined the Settlement Class as:

> All persons or entities in the United States that ClassPass has listed on its website or mobile application from August 1, 2020 through the Preliminary Approval Date as part of the ClassPass Concierge program that are not ClassPass Partners.

### 6.      Are there exceptions to being included in the Settlement Class?

Yes, those exceptions are as follows:

> Defendants, their parent companies, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

### 7.      I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator toll-free at xxx-xxx-xxxx or Co-Lead Counsel (identified below), or visit the Settlement Website (_____) for more information.

## THE SETTLEMENT BENEFITS

**8.      What does the Settlement provide?**

Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in exchange for injunctive relief and the Settlement Amount of $1,893,125 (the "Settlement Fund"). The Settlement Fund will cover the following payments, each requiring Court approval: (1) payments to Settlement Class Members; (2) Settlement Administration Costs; (3) Class Counsel's fees, not to exceed 33.33% of the Settlement Amount (i.e. $624,731), plus their reasonable litigation costs not to exceed $50,000; (4) Service Awards to the Class Representatives, which will not exceed $10,000 each; and (5) any necessary taxes and tax expenses. The Settlement Fund, plus interest earned from the date it is established, less the estimated Settlement Administration Costs, the requested Service Awards to Plaintiffs, and the requested attorneys' fees, costs, and expenses, (e.g. approximately [$___], and any applicable taxes) will be equally divided among Settlement Class Members that timely submit valid claims and (1) are currently listed on ClassPass Concierge, or (2) were previously listed on ClassPass Concierge and ClassPass removed from ClassPass at that business's request. Claim Forms must be returned by ___.

The "Released Claims" are:

> any and all causes of action asserted or that could have been or could still be alleged or asserted, including without limitation claims, demands, actions, suits, injuries, causes of action, damages, judgments, losses, and rights of action of any nature, whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), including without limitation costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now have, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against Releasees (or any of them), whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise, arising out of or relating to any conduct, act, or omission of Releasees (or any of them) from the beginning of time to the Preliminary Approval Date, by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, omissions, or any other matter whatsoever related directly or indirectly to the facts alleged in the Action, under the Lanham Act, 15 U.S.C. § 1125, *et seq.*, or any other unfair competition, or consumer protection law, or any other law, whether under federal, state, local or foreign law. Releasors covenant and agree that they will not, after the Effective Date seek to recover from any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims. Released Claims do not include any claims arising out of the enforcement of this Settlement Agreement.

The Releasees are:

Defendants, and all of their respective current and former, direct and indirect parents, subsidiaries, affiliates, insurers, successors, assignees, and any other entity with an interest in or obligation regarding Defendants' assets or liabilities, including but not limited to any controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, members, managers, directors, executives, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, insurers, consultants, suppliers, distributors, customers, contractors, experts, accountants, bankers, testing laboratories, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns, whether or not specifically named or participating in the settlement by payment or otherwise.

**The injunctive relief provided under the Agreement is:**

(a) **Take Down Option.** ClassPass will provide businesses listed through ClassPass Concierge the ability to (i) request that their landing pages be taken down or (ii) request changes to their pages. ClassPass will maintain a policy of responding promptly to businesses' take down requests and will ensure that it has adequate staff to remove any requested listings within 48 hours of the request.

(b) **Removal Requirements.** Any Settlement Class Member that chooses to be removed from ClassPass Concierge as part of this Settlement will not be re-listed on ClassPass as part of ClassPass Concierge for at least twelve months following the Effective Date, and only if that Settlement Class Member requests to be added back to ClassPass Concierge after twelve months has elapsed.

(c) **Appointment Scheduling Disclaimer and Procedure.** (i) After a ClassPass Member selects a preferred appointment time on a ClassPass Concierge business's scheduling page, the ClassPass Member will be provided the opportunity to select alternate time preferences for their appointment and/or an appointment time range; and (ii) ClassPass will provide notice on ClassPass Concierge landing pages explaining that ClassPass Members attempting to book a service through ClassPass Concierge are choosing a preferred appointment time, that actual availability may differ from what is shown, and that ClassPass will attempt to book the service, but that the ClassPass Member should not assume the appointment is confirmed until ClassPass provides written confirmation in a follow-up email or other communication through the ClassPass platform.

(d) **Stock Photo Disclaimer.** To the extent that ClassPass uses stock photographs in its ClassPass Concierge landing pages, ClassPass will affirmatively state that the photos displayed are stock photos.

(e) **Landing Page Link.** ClassPass Concierge landing pages will include a link that will enable businesses to communicate with ClassPass (e.g. about ClassPass Concierge, to modify content on the businesses' landing page, and to request that

the landing page be removed), and will contain the following language as a standalone paragraph distinguished from the rest of the text, such as by shading or bolding, and this paragraph will be placed in the venue description:

> If you are a business owner looking to learn more about Concierge, modify content on this page, or to remove this listing, click here.

(f) **Removal of Appointment Instructions.** ClassPass will remove the instructions for ClassPass Members to show up to appointments 15 minutes in advance, and instead will advise ClassPass Members to visit the businesses' websites for additional information regarding their services, including but not limited to COVID-19 safety precautions and any screening forms.

(g) **Business Contact Requirements.** When ClassPass representatives contact businesses to request a ClassPass Concierge booking on behalf of a ClassPass Member, the ClassPass representatives will disclose the ClassPass Concierge listing and the existence of the ClassPass Concierge program.

(h) **New Concierge Listings.** ClassPass representatives will reach out to businesses that are not yet listed on ClassPass Concierge to verify that they will accept appointments through ClassPass. If a merchant has declined to become a partner with or otherwise be listed on ClassPass, ClassPass will not add such merchant to ClassPass Concierge unless the merchant requests to be added or if such merchant affirmatively consents to the listing.

## 9. Will I get a payment?

If you are qualify as a member of the Settlement Class, do not opt out of the Settlement Class, and submit a valid Claim Form electronically or post-marked by the Court-established deadline, then you will be a Settlement Class Member that is entitled to a settlement payment.

All Settlement Class Members will also benefit from the injunctive relief provided in the Agreement and explained above.

## 10. How much will my payment be and when will I receive it?

If the Court approves the Settlement Agreement, the proceeds of the Settlement Fund, less Settlement Administrator costs, Attorneys' Fees and Costs, Service Awards, and any applicable taxes will be distributed to Settlement Class Members on a *pro rata* basis after the Effective Date, as defined in the Settlement Agreement.

## REMAINING IN THE SETTLEMENT CLASS

## 11. How do I remain in the Settlement Class and remain eligible for a payment?

If you qualify as a member of the Settlement Class, you will remain a Settlement Class Member unless you elect to be excluded. By staying in the Settlement Class, you will remain eligible to

submit a Claim Form and receive money from the Settlement Fund. Claim Forms must be completed and submitted electronically or post marked by a date to be set by the Court if it approves the Settlement.

**12.     If I remain in the Settlement Class, what am I "releasing," or giving up?**

If the Settlement is approved and becomes final, and if you remain in the Settlement Class, you will give up your right to individually sue the Releasees related to the Released Claims (defined above). That means, among other things, that you cannot sue, continue to sue, or be part of any other lawsuit against Releasees regarding any and all of the Released Claims (see Question 8 for further information). It also means that all the Court's rulings will apply to you and legally bind you, whether favorable or unfavorable to the Settlement Class.

The above description of the claims you are giving up against Releasees is only a summary. **Unless you exclude yourself, you are "releasing" those claims regardless of whether you submit a Claim Form.** If you wish, you can review the entire Settlement Agreement, including the definitions of terms such as "Releasees," "Releasors," and "Released Claims," in Paragraphs _____ of the Settlement Agreement, which may be obtained on the Settlement Website (_____) or by contacting the Claims Administrator at the address or telephone number below.

**13.     What happens if the Settlement is not approved or is terminated?**

If the Settlement is not approved, the Agreement will become null and void, shall be of no further force or effect, and shall not be used, cited, or referred to for any purposes whatsoever in the Action or in any other case or controversy. This Action will then proceed as if the Settlement Agreement had not been entered into.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

**14.     What if I do not want to be in the Settlement Class?**

If you do not want to remain in the Settlement Class and do not want a payment from the Settlement, then you have the right to request exclusion from the Settlement Class. This is called "opting out" of the Settlement Class.

**15.     How do I exclude myself from the Settlement Class?**

You can exclude yourself, or "opt out," by sending a written "Request for Exclusion" to the Settlement Administrator, postmarked no later than Month XX, 2023. Your written request must be signed by the person or entity requesting exclusion or his, her, or its authorized representative, state the name, address, phone number, and the last four (4) digits of a tax ID of the individual or entity of that person or entity, and state that "I wish to opt out from the *ClassPass* settlement." You cannot exclude yourself by telephone. You must do so by regular mail.

The request must be mailed to the Settlement Administrator at ClassPass Litigation, [address]. A Request for Exclusion that (1) does not include all of the foregoing information, (2) does not

contain the proper signature, (3) is sent to an address other than the one designated above, or (4) is not sent within the time specified, shall be invalid, and the person or entity filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlement, if approved. All persons or entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, cannot object to the Settlement, are not eligible to get any payment as a result of the Settlement, and shall not be bound by the Settlement Agreement or the Judgment.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 16.     How do I tell the Court I don't like the Settlement?

If you are a Settlement Class Member and do not opt out, you can object to all or any part of the Settlement, including the proposed plan of distribution, as well as any request for attorneys' fees and/or expenses and/or any request for service awards for the Named Plaintiffs. You can explain the reasons for your objection, and the Court will consider your views.

Your objection must be in writing, must identify the full business name, address, telephone number, and the last four digits of the objector's tax ID; the case name and number; a statement of the objector's basis for any objections to the Settlement; a statement advising whether the objector plans to address the Court at the Final Approval Hearing and any legal briefs, papers or memoranda the objector proposes to submit to the Court; and, if the objector is represented by counsel, the name and address of his or her counsel. Any person or entity that fails to object in the manner set forth in this Notice shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objection to any aspect of the Settlement.

The addresses for filing and mailing objections are:

*Settlement Administrator*:
RG/2 Claims
P.O. Box 59479
Philadelphia, PA 19102-9479

### 20.     What is the difference between objecting and excluding myself from the Settlement?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain in the Settlement Class and do not exclude yourself from the Settlement. Excluding yourself from a Settlement is telling the Court that you do not want to be a part of the Settlement or the Settlement Class. If you exclude yourself from the Settlement, you have no right to object to the Settlement because it no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 21.    Do I have a lawyer in this case?

The Court has appointed the firms listed below as Co-Lead Counsel to represent you and the Settlement Class in this case:

|  |  |
|---|---|
| Joshua D. Snyder | Raphael Janove |
| BONI, ZACK & SNYDER LLC | POLLOCK COHEN LLP |
| 15 St. Asaphs Rd. | 111 Broadway, Suite 1804 |
| Bala Cynwyd, PA 19004 | New York, NY 10006 |
| Tel: (610) 822-0200 | Tel: (212) 337-5361 |

If you want to be represented by your own lawyer, you may hire one at your own expense.

### 22.    How will the lawyers be paid?

Co-Lead Counsel will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund. You will not otherwise be charged for Co-Lead Counsel's services. Co-Lead Counsel will request attorneys' fees for themselves in the amount of up to a third of the Settlement Fund (e.g. $624,731), and payment of the costs and expenses they have incurred in prosecuting the Action on behalf of the Settlement Class (not to exceed $50,000). The hearing on Co-Lead Counsel's request for attorneys' fees and payment of costs and expenses will take place at the Fairness Hearing, discussed below.

### 23.    Service Awards for the Named Plaintiffs

Co-Lead Counsel may also request awards to the Named Plaintiffs, Tipsy Nail Club LLC, Salon Phoenix Cosmetology, LLC, Rapha Massage LLC, Enlighten Massage Therapy LLC, The Facial Bar, LLC, Salon Goldyn, Inc, and Salon Hairroin, Inc., for their assistance in prosecuting the Action on behalf of the Settlement Class, in an amount not to exceed $10,000 for each Named Plaintiff. The hearing on the request for Named Plaintiffs' service awards will take place at the Fairness Hearing, discussed below.

**This is Only a Summary of the Request for Attorney's Fees, Payment of Costs and Expenses, and Service Awards to the Named Plaintiffs. The Motion in Support of These Requests Will be on File With the Court and Will be Available at the Settlement Website (_____) by Month XX, 202_.**

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement Agreement. You may attend, but you do not have to.

**24.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Fairness Hearing on Month XX, 202_, at _:__ _.m. The Fairness Hearing will take place either virtually by Zoom.gov Remote Videoconference, or in person at the United States District Court for the Southern District of New York, Courtroom ___, 500 Pearly Street, New York, NY 10007. **IF POSSIBLE, THE DECISION WHETHER THE FAIRNESS HEARING WILL TAKE PLACE VIRTUALLY OR IN PERSON WILL BE MADE NO LATER THAN [30 DAYS PRIOR TO THE HEARING DATE], AND WILL BE POSTED AT THE SETTLEMENT WEBSITE (_____). IF THE FAIRNESS HEARING WILL BE HELD VIRTUALLY, THE SETTLEMENT WEBSITE WILL POST CONFERENCING INFORMATION.**

At this hearing, the Court will consider whether the Settlement, including the proposed plan of distribution, is fair, reasonable, and adequate. The Court will take into consideration any written objections filed in accordance with the instructions in this Notice. The Court also may listen to people who have properly indicated, within the deadline identified above, a desire to speak at the hearing, but decisions regarding the conduct of the hearing will be made by the Court. The Court will also decide whether to approve Co-Lead Counsel's request for attorneys' fees and expenses, and service awards to the Named Plaintiffs. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later.

You should be aware that the Court may change the date, time and/or format (*i.e.*, virtually or in person) of the Fairness Hearing. Thus, if you want to attend and/or participate at the hearing, you should check either on the Settlement Website (_____) or with Co-Lead Counsel beforehand to be sure that the date, time and/or format has not changed.

**25.    Do I have to attend the Fairness Hearing?**

No. Co-Lead Counsel will answer any questions the Court may have. You are, however, welcome to attend at your own expense. If you file an objection, you do not have to attend or participate at the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

**26.    May I speak at the Fairness Hearing?**

Yes. Anyone can attend the Fairness Hearing and watch. If you want to appear at the Fairness Hearing and object, in person (or virtually if that is how the Fairness Hearing will be held) or through an attorney hired at your own expense, you need to file a written Notice of Intent to Appear with the Court.

## GETTING MORE INFORMATION

**28.    How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement. You can get a complete copy of the Settlement Agreement at the Settlement Website

(_____). You may also write to the Claims Administrator at the address in Question 15 or call the Claims Administrator at xxx-xxx-xxxx. If you did not receive a postcard in the mail directing you to the Settlement Website, you should contact the Claims Administrator, or go to the Settlement Website, and register to receive future information.

Complete copies of public pleadings, Court rulings, and other filings are available for review and copying at the Clerk of Court's office. The address is: United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.

### 29.     Is this notice available in other languages?

For more information and to view this notice in Spanish, please visit the Settlement Website at _____. [translate]

For more information and not view this notice in Korean, please visit the Settlement Website at _____. [translate]

***Please do not contact the Court or the clerk's office regarding this Notice or for additional information.***

DATED: _____, 202_

# Exhibit D

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*Tipsy Nail Club et al. v. ClassPass, Inc. et al.*, No. 21 CIV. 8662 (AT)

**Businesses Listed on ClassPass Concierge Are Eligible to Receive Compensation from a Class Action Settlement Totaling $1,893,125**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

On [DATE], the Honorable Analisa Torres of the U.S. District Court for the Southern District of New York granted preliminary approval of this class action Settlement, certified a class exclusively for purposes of Settlement, and ordered that all Class Members be notified of the proposed Settlement of the class action lawsuit, *Tipsy Nail Club et al. v. ClassPass, Inc. et al.*, No. 21 CIV. 8662 (AT), pending against ClassPass, Inc., ClassPass, LLC, Fritz Lanman, and Payal Kadakia ("Defendants"). This Notice provides a summary of the proposed Settlement and your legal rights and options.

You have received this Notice of Class Action Settlement because Defendants' records show you likely are what is called a "Class Member." **Unless you choose not to participate in the Settlement (in other words, you choose to "opt out") by following the procedures described below, <u>you will be considered a Settlement Class Member, and if the Court grants final approval of the Settlement, you will be mailed a check for your share of the Settlement Fund if you submit a valid Claim Form and you will give up your right to sue Defendants about the Released Claims (defined at [website]) resolved by this settlement</u>.**

**What is this Settlement About?**

ClassPass is an online service that offers consumers access to thousands of fitness and wellness offerings through its platform on its website and mobile app. ClassPass, through a program called ClassPass Concierge, began listing on its platform beauty and wellness businesses that are not ClassPass Partners, allowing ClassPass Members the ability to request appointments at those businesses through the ClassPass platform. Plaintiffs sued Defendants alleging that they violated federal and state laws by listing businesses on the ClassPass platform through ClassPass Concierge without first obtaining the businesses' consent. Defendants deny all of Plaintiffs' claims and deny violating any law, and assert that, at all times, their actions and business practices have been lawful and appropriate. The Court has not yet ruled on the merits of any of Plaintiffs' claims.

The parties negotiated a settlement on behalf of themselves and the Class Members with the assistance of a mediator. The parties' agreement is documented in the Settlement Agreement, which the Court has preliminarily approved. A Notice of Class Action Settlement ("Notice") is also available on the Settlement Website, which describes in more detail the options available to Settlement Class Members.

**Who is Included in the Settlement?**

The proposed settlement class (the "Settlement Class") consists of all businesses that were listed on ClassPass through ClassPass Concierge from August 1, 2020 through [preliminary approval date] and that are not ClassPass Partners.

**What Does the Settlement Provide?**

Plaintiffs, on behalf of themselves and Settlement Class Members, and Defendant have agreed to settle this case by dismissing this Action and discharging the Released Claims against the Releasees in

exchange for injunctive relief and the Settlement Amount of $1,893,125 (the "Settlement Fund").  Details regarding the Released Claims and Released Parties, as well as the terms of the injunctive relief, are available on the website, ____.

The Settlement Amount  will cover the following payments, each requiring Court approval: (1) payments to Settlement Class Members; (2) Settlement Administration Costs, estimated to be [$__]; (3) Class Counsel's fees, not to exceed 33.33% of the Settlement Amount (i.e. $624,731), plus their reasonable litigation costs not to exceed $50,000; (4) Service Awards to the Class Representatives, which will not exceed $10,000 each; and (5) any necessary taxes and tax expenses. Settlement Class Members that submit valid claims by _____ and (1) are currently listed on ClassPass Concierge, or (2) were previously listed on ClassPass Concierge and were removed from ClassPass at that business's request are eligible for payment.  Payments to Settlement Class Members will be paid on a pro rata basis based on the number of valid claims submitted by all Settlement Class Members.

## What are My Rights and Options?

**Submit a Claim:** To receive a Settlement payment, you must submit a claim by going to _____ or calling the Claims Administrator at _____ and submitting (or printing and mailing) a Claim Form. A valid Claim Form must be **submitted online or postmarked by** _____.

**Do Nothing:** You will be included in the Settlement Class, will release your claims, and will be bound by the Court's decision, but you will not receive a payment.

**Exclude Yourself:** You can exclude yourself ("opt out") from the Settlement by submitting an exclusion request to the Settlement Administrator that is received **no later than** _____. If you do so, you (1) will not receive any payment from the Settlement, (2) will not be deemed to have released any claims due to this Settlement, and (3) will be barred from filing an objection to the Settlement.

**Object:** You may also object to the Settlement. Objections must be mailed to the Settlement Administrator and **received no later than** _____. By objecting, you are not excluding yourself from the Settlement. If your objection is rejected, you will be bound by the Settlement Agreement.

**Details about how to opt-out, object, and submit your Claim Form are available on the Settlement Website.**

## When is the Fairness Hearing?

The Court has set a Fairness Hearing for _____ to determine whether to approve the Settlement. You are not required to attend the Hearing, but you are welcome to do so. You or your lawyer may appear at the hearing at your expense. The hearing may be moved to a different date or time without additional notice. Check the Settlement Website or call _____ for current information.

## How Can I Get More Information?

This Notice summarizes the Settlement Agreement. You can get a copy of the Settlement Agreement, important Court documents, and more information about the settlement at _____.

You may write with questions to _____ or call the toll-free number _____, or contact Class Counsel at [contact].

For more information and to view this notice in Spanish, please visit the Settlement Website at _____. [translate]

For more information and to view this notice in Korean, please visit the Settlement Website at
_____. [translate]

***Please do not contact the Judge, the Clerk of the Court, Defendants, or Defendants' attorneys
regarding this Notice or for additional information.***