UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIPSY NAIL CLUB LLC, SALON PHOENIX COSMETOLOGY, LLC, RAPHA MASSAGE, LLC, ENLIGHTEN MASSAGE THERAPY LLC, THE FACIAL BAR, LLC, SALON GOLDYN, INC, and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CLASSPASS INC., CLASSPASS, LLC, FRITZ LANMAN, and PAYAL KADAKIA,<br><br>Defendants. | No. 21 Civ. 8662 (JHR)<br><br>**DECLARATION OF RAPHAEL JANOVE IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL SETTLEMENT APPROVAL** |

I, Raphael Janove, hereby declare as follows:

1. I am a partner at Pollock Cohen LLP and counsel of record for Plaintiffs in the above-captioned action. I make this declaration in support of Plaintiffs' Motion for Final Settlement Approval.

2. I have personal knowledge of the matters set forth herein and am competent to testify upon them if called upon to do so.

3. Attached as Exhibit A is a true and correct copy of the Parties' Revised Settlement Agreement, executed on June 15, 2023 (the "Settlement Agreement"). Unless otherwise defined in this declaration, capitalized terms have the same meaning here as they do in the Settlement Agreement.

4. Attached as Exhibit B is a proposed Final Approval Order.

5. Attached as Exhibit C is an October 11, 2023 Declaration of Jessie Montague.

6. Co-Lead Counsel have substantial experience prosecuting class action and complex civil litigation and do not have any conflicts of interest with Plaintiffs or the class.

7. My firm began investigating the facts that gave rise to this case in September 2021, after we were contacted by Plaintiff Tipsy Nail Club LLC. Our pre-complaint research was extensive. We spoke to dozens and dozens of small businesses Plaintiffs allege were affected by Defendants' conduct, and also with ClassPass customers. We also hired third-party investigation services to run analytics on ClassPass's website to understand the scope of the alleged misconduct. And, as this case is unique, we conducted comprehensive legal research concerning how Lanham Act claims can be litigated on a classwide basis.

8. On October 22, 2021, after significant investigation, we filed the initial complaint with Plaintiff Tipsy Nail Club LLC. Shortly thereafter, we were contacted by dozens and dozens more businesses, and communicated with them to further investigate potential classwide claims and damages.

9. Thus, after hundreds of hours of additional investigation, along with co-counsel, Boni, Zack & Snyder LLC, we filed the First Amended Complaint on November 23, 2021, with an additional six Plaintiffs and additional causes of action.

10. On January 4, 2022, Plaintiffs sent their first set of discovery requests to Defendants. The Parties held two Rule 26(f) conferences later in January. Thereafter, we engaged in hard-fought discovery efforts, including exchanging and responding to substantial discovery requests. For instance, Plaintiffs served responses and objections, and produced documents and financial records, in response to the over 420 document requests Defendants propounded. In addition to reviewing Defendants' document productions, Plaintiffs also met and conferred with defense counsel on at least five occasions, and drafted joint discovery dispute letters, which

Plaintiffs were prepared to submit to the Court in the event mediation failed. Plaintiffs also served third-party discovery subpoenas on Acequia Capital, LLC, Mindbody, Inc., and Special Situations GP, LLC and met and conferred with counsel representing the third-parties. Had the parties not entered into a settlement, Plaintiffs were prepared to aggressively pursue third-party discovery.

11. While the discovery process was ongoing, Plaintiffs' counsel continued to receive complaints about ClassPass from numerous businesses. Thus, we spent considerable time investigating Plaintiffs' claims.

12. On top of the significant investigative and discovery efforts in this litigation, Plaintiffs exchanged pre-motion to dismiss letters, and briefed (1) Defendants' letter requesting leave to file a motion to dismiss, and (2) Defendants' actual motion to dismiss.

13. The Parties also engaged in an arms-length, thorough, and sustained mediation process for over six months with Hon. Judge Suzanne Segal (retired). Plaintiffs' opening mediation brief exceeded 60 pages of argument and 300 pages of exhibits. The Parties held full-day mediation sessions with Judge Segal on June 3, 2022 and August 16, 2022. The Parties further continued to negotiate, with Judge Segal's assistance, between the two days of in-person mediation and after the August 16 mediation. After considerable further, but unsuccessful efforts by the Parties, Judge Segal issued a mediator's proposal, which all Parties accepted on August 31, 2022. As part of the mediation process, the Parties exchanged additional documents. Judge Segal also interviewed ClassPass's CEO Fritz Lanman, who is an individual defendant in this lawsuit, as well as ClassPass's COO Zach Apter.

14. My co-counsel and I believe that the Settlement is fair, reasonable, and adequate and in the best interests of the class members. The Settlement was negotiated by experienced counsel, who well understand the strengths and weaknesses of the case, with heavy involvement

of a retired federal judge. Based on Co-Lead Counsel's legal research, this Settlement Agreement, at the time it was executed, was the first time a Lanham Act class action based on false affiliation of class members had ever resulted in monetary relief to a class.

15. In addition to monetary relief to the Class, the Settlement Agreement provides for injunctive relief. As part of the mediation and settlement process, Defendants have disclosed that there are approximately 80,000 Class Members.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on October 11, 2023.

*/s/ Raphael Janove*
Raphael Janove
