UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIPSY NAIL CLUB LLC, SALON PHOENIX COSMETOLOGY, LLC, RAPHA MASSAGE, LLC, ENLIGHTEN MASSAGE THERAPY LLC, THE FACIAL BAR, LLC, SALON GOLDYN, INC, and SALON HAIRROIN, INC., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>CLASSPASS INC., CLASSPASS, LLC, FRITZ LANMAN, and PAYAL KADAKIA,<br><br>        Defendants. | No. 21 Civ. 8662 (JHR) |

<strong><s>[PROPOSED]</s> FINAL APPROVAL ORDER AND JUDGMENT</strong>

Tipsy Nail Club LLC, Salon Phoenix Cosmetology, LLC, Rapha Massage LLC, Enlighten Massage Therapy LLC, The Facial Bar, LLC, Salon Goldyn, Inc, and Salon Hairroin, Inc. (collectively, "Plaintiffs") and ClassPass Inc., ClassPass, LLC, Fritz Lanman, and Payal Kadakia (collectively, "Defendants") entered into a Settlement Agreement dated January 6, 2023 to fully and finally resolve the Settlement Class's claims (the "Original Settlement"). On January 6, 2023, Plaintiffs moved the Court for an order preliminarily approving the Settlement, authorizing Plaintiffs to disseminate notice to potential members of the Settlement Class, and scheduling a hearing to determine whether the Settlement is fair, reasonable, and adequate and should be finally approved pursuant to Fed. R. Civ. P. 23(e). On ~~May 9, 2023~~ May 11, 2023, the Court held a conference on the motion, following which the parties made certain changes to the Original Settlement and the Notice of Class Action Settlement. On June 27, 2023, Plaintiffs filed a revised Motion for Preliminary Approval of Settlement that included a Revised Settlement Agreement (the "Settlement" or "Settlement Agreement"). By order entered June 29, 2023 (the "Preliminary Approval Order"), the Court granted preliminary approval of the Settlement, certified the Settlement Class solely for the purposes of sending notice of the Settlement, and authorized Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters. Notice has been provided to potential members of the Settlement Class and the appropriate governmental entities under the Class Action Fairness Act pursuant to the Preliminary Approval Order. The Court held a hearing on the fairness of the Settlement on ~~October 18, 2023~~ October 27, 2023.

The Court has considered the Settlement Agreement, Plaintiffs' Motion for Final Approval of the Proposed Settlement, the arguments presented at the fairness hearing, and the all papers filed in connection therewith, entire record in this matter.

**AND NOW**, this 27th day of  October , 2023, it is hereby **ORDERED** that:

2

1. The Court has jurisdiction over the subject matter of this Action.

2. The terms capitalized in this Final Approval Order and Judgment ("Final Approval Order") and not otherwise defined differently herein have the same meaning as they have in the Settlement Agreement.

3. The Preliminary Approval Order outlined the form and manner by which the Plaintiffs would provide potential members of the Settlement Class with notice of the Settlement, the fairness hearing, and related matters. Individual notice by postcard was sent to potential members of the Settlement Class who could be identified through reasonable efforts and the Long Form Class Notice and Short Form Class Notice were posted on the Internet on a website dedicated to this litigation (https://www.classpasssettlement.com/). Proof that mailing, publication, and posting have conformed with the Preliminary Approval Order has been filed with the Court. ECF No. 110. Due and adequate notice has been provided to potential members of the Settlement Class in compliance with Fed. R. Civ. P. 23 and the requirements of due process. The Court finds that the distribution of the Notice of Settlement constituted the best notice practicable under the circumstances to all Class Members and fully met the requirements of due process.

4. The Settlement was entered into by Plaintiffs and Defendants in good faith following an extensive investigation of the facts and discovery sufficient for experienced Plaintiffs' counsel to evaluate the matter. It resulted from vigorous arm's-length negotiations undertaken by counsel with significant experience litigating class actions.

5. Final approval of the Settlement is hereby granted pursuant to Fed. R Civ. P. 23(e) because it is fair, reasonable, and adequate to the Settlement Class Members. This Court hereby directs the Parties to effectuate the Settlement according to its terms. The Settlement is

hereby deemed incorporated herein as if expressly set forth, and has the full force and effect of an order and judgment of this Court. In reaching this conclusion, the Court considered the: (a) value of the Settlement to the Settlement Class; (b) posture of the case at the time the Settlement was proposed; (c) extent of discovery that had been conducted; (d) circumstances surrounding the negotiations; (e) experience of Co-Lead Counsel in class action litigation; (f) relative strength of Plaintiffs' case on the merits; (g) risks presented by Defendants' defenses to class certification, liability, and damages; (h) existence of any difficulties of proof or strong defenses the Plaintiffs were likely to encounter if the case went to trial; (i) anticipated duration and expense of additional litigation; and (j) degree of opposition, if any, to the Settlement.

6. The Settlement Class conditionally certified by the Court in its Preliminary Approval Order is certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for the sole purposes of the Settlement, and is comprised of all persons or entities in the United States that ClassPass has listed on its website or mobile application from August 1, 2020 through June 29, 2023 as part of the ClassPass Concierge program that are not ClassPass Partners. Excluded from the Settlement Class are Defendants, their parent companies, subsidiaries and affiliates, and federal governmental entities and instrumentalities of the federal government and any judicial officer presiding over the Action, and any member of his or her immediate family and judicial staff.

7. The Action is dismissed in its entirety with prejudice and without costs (except as provided for in the Settlement Agreement).

8. Plaintiffs and all members of the Settlement Class ("Settlement Class Members") and all of their current and former, direct and indirect parents, owners, subsidiaries, affiliates, divisions, predecessors, successors, assigns, insurers, and shareholders; all respective current and

former officers, directors, principals, partners, members, heirs, attorneys, representatives, agents, and employees of each of the foregoing entities; and assignees of any claim that is subject to release (collectively, "Releasors") are permanently barred and enjoined from prosecuting against Defendants and all of their respective current and former, direct and indirect parents, subsidiaries, affiliates, insurers, successors, assignees, and any other entity with an interest in or obligation regarding Defendants' assets or liabilities, including but not limited to any controlling persons, associates, affiliates, or subsidiaries and each and all of their respective past or present officers, members, managers, directors, executives, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, insurers, consultants, suppliers, distributors, customers, contractors, experts, accountants, bankers, testing laboratories, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, and assigns, whether or not specifically named or participating in the settlement by payment or otherwise (collectively, "Releasees") any and all causes of action asserted or that could have been or could still be alleged or asserted, including without limitation claims, demands, actions, suits, injuries, causes of action, damages, judgments, losses, and rights of action of any nature, whenever and however incurred (whether actual, punitive, treble, compensatory, or otherwise), including without limitation costs, fees, expenses, penalties, and attorneys' fees, whether class, individual, or otherwise in nature, that Releasors, or any of them, ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, against Releasees (or any of them), whether known or unknown, suspected or unsuspected, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, asserted or unasserted, whether in law or equity or otherwise, arising out of or relating in any conduct,

act, or omission of Releasees (or any of them) from the beginning of time to the Preliminary Approval Date, by reason of, arising out of, relating to, or in connection with the acts, events, facts, matters, transactions, occurrences, statements, representations, misrepresentations, omissions, or any other matter whatsoever related directly or indirectly to the facts alleged in the Action, which implicates the Lanham Act, 15 U.S.C. § 1125, *et seq.*, or any other unfair competition, or consumer protection law, or any other law, whether under federal, state, local or foreign law (the "Released Claims"). Releasors hereby do and shall be deemed to have fully, finally, and forever released, relinquished and discharged all Released Claims against the Releasees. Released Claims do not include any claims arising out of the enforcement of this Settlement Agreement.

9. Releasors have expressly waived and released any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which states:

> Certain claims not affected by general release. A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party;

or by any law of any state or territory in the United States or principle of common law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code. Each Releasor may hereafter discover facts other than or different from those the Releasor knows or believes to be true with respect to the claims that are released pursuant to provisions of Paragraph 8 of this Final Approval Order, but each Releasor has expressly waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, contingent or noncontingent claim with respect to the subject matter of the provisions of Paragraph 8 of this

Final Approval Order, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

10. Pursuant to Paragraphs 26 and 38 of the Settlement Agreement, the Defendants' total cash payment under the Settlement Agreement is $1,893,125. The Court finds the Settlement Amount is fair, reasonable, and adequate. No person shall have any claim against Defendants, Class Counsel, Defendants' counsel, or any other agent designated by Plaintiffs or Defendants based upon the distribution of Settlement Amount made substantially in accordance with the Settlement or further orders of the Court. The funding of the Settlement shall be carried out in accordance with the terms of the Settlement. The Defendants shall pay or cause to be paid by wire transfer the remainder of the Settlement Amount (i.e. $1,893,125, less the cost of Class Notice paid pursuant to Paragraph 37 of the Settlement Agreement) into the Qualified Settlement Fund ("QSF") not later than twenty-one (21) business days after the entry of this Final Approval Order. No disbursements shall be made from the QSF prior to the Effective Date. The QSF means an account established in accordance and compliance with Section 1.468B-1(a) of the United States Treasury Regulations to be set up by the Settlement Administrator for the benefit of the Settlement Class.

11. In the interests of fairness to all Settlement Class Members, any Settlement Class Member that submitted a valid Claim Form to the Settlement Administrator by October 10, 2023 is eligible to receive a payment from the Settlement pursuant to Paragraph 60 of the Settlement Agreement.

12. Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, constitutes an admission of wrongdoing by any party in any civil, criminal, administrative, or other proceeding in any jurisdiction. Neither the Settlement

Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (i) is or may be deemed to be or may be used by the Plaintiffs or Settlement Class Members as an admission of, or evidence of, the validity of any of the Class Members' Released Claims, or of wrongdoing or liability of any Defendant or any of the other Releasees; or (ii) is or may be deemed to be or may be used by the Plaintiffs or Settlement Class Members as an admission of, or evidence of, any fault or omission of any Defendant or any of the other Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants or any of the other Releasees may file the Settlement Agreement and/or the Order from this Action in any other action that may be brought against it or them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court approves the *pro rata* distribution of monies to Settlement Class Members eligible to receive payments from the Settlement Fund and directs Co-Lead Counsel to implement the payment of monies to eligible Settlement Class Members pursuant to Paragraphs 57 - 59 of the Settlement Agreement.

14. Without affecting the finality of this Final Approval Order, the Court retains exclusive jurisdiction over: (a) the Final Approval Order; (b) the Settlement Agreement, including its administration, implementation, and enforcement; and (c) any application for disbursement of the Settlement Fund made by Co-Lead Counsel.

15. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and directs the entry of final judgment as to Defendants.

The Clerk of Court is directed to terminate ECF No. 112 and to close the case.

IT IS SO ORDERED.

DATED: __October 27__, 2023        _____
                                    Hon. Jennifer H. Rearden
                                    United States District Judge

9